In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-359 CR


____________________



APRIL MICHELLE LAYLAND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 02-179633






OPINION


 A jury found April Michelle Layland to be guilty of the misdemeanor offense of
driving while intoxicated. The trial court assessed punishment at 180 days in jail, probated
for eighteen months, and a $500 fine. In two points of error, Layland appeals the pre-trial
ruling on her motion to suppress and challenges the legal sufficiency of the evidence
supporting her conviction. For reasons that follow, we affirm the trial court's judgment.

 Point of error one contends the trial court erred when it overruled her motion to
suppress statements made by the defendant. We apply a bifurcated standard of review to
a trial court's ruling on a motion to suppress evidence. Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). We give almost total deference to the trial court's rulings on questions of historical
fact and application-of-law-to-fact questions that turn on an evaluation of credibility and
demeanor. Johnson v. State, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002). We review
de novo a trial court's rulings on mixed questions of law and fact if they do not turn on the
credibility and demeanor of witnesses. Id. at 652-53. 

 At the pre-trial hearing, deputy sheriff Judd Russell testified he arrived at the scene
of a single-vehicle automobile accident at 9:57 p.m. and determined that sufficient damage
had occurred to require the preparation of an accident report. April Michelle Layland was
not present, but her husband Walter was. Deputy Russell informed Mr. Layland, "either
I could go to his residence and get Ms. Layland or he could bring her back with her license
and insurance." When Mr. Layland brought his wife back to the scene, the deputy noticed
that she was unsteady on her feet and provided Miranda (1) warnings. Deputy Russell
testified that Layland was not under arrest at that point. The appellant admitted that she
had been driving. Because he smelled alcohol on her breath, the deputy determined that
field sobriety tests would be appropriate. She failed the field sobriety tests. The deputy
determined that the appellant was intoxicated in public. Russell decided she was a possible
danger to herself and others, and took her into custody. While at the jail, Layland
admitted that she had been drinking before the accident. She informed the officer that she
was trying to kill herself and drove off the road intentionally. 

 First, Layland argues that her arrest was unlawful and occurred, not when Deputy
Russell transported her to the jail, but when her husband contacted her at their house. She
argues that Walter Layland had been deputized to act as a "posse comitatus." We find no
evidence that the law enforcement officer intended to invest Walter Layland with any
authority of a law enforcement officer. Deputy Russell was not suggesting that Walter
Layland do anything that he was not already authorized to do, that is, communicate with
his wife. Layland argues: "The implied threat was that the deputy would go into the house
and arrest Appellant if Mr. Layland did not bring her back." Had such a threat been
implied, it would have been evident that she would not be under arrest if she came
willingly. According to the deputy, the purpose of the encounter was to prepare an
accident report. None of the evidence adduced at the hearing suggests that suspicion of
any criminal offense arose before the appellant returned to the scene. The trial court could
have found that the appellant voluntarily returned to the scene of the accident, and that she
was, as Deputy Russell testified, free to leave until formally taken into custody. 

 Second, Layland argues that no grounds for a warrantless arrest are present in this
case. She also argues that none of the conditions exist for a lawful warrantless arrest.
Article 14.03 authorizes a warrantless arrest of a person found in a suspicious place and
under circumstances which reasonably show that such person has been guilty of a breach
of the peace or public intoxication. See Tex. Code Crim. Proc. Ann. art. 14.03 (Supp.
2004). Layland argues that she was home in bed, not in a suspicious place. The
circumstances of this case are similar to those in Dyar v. State, 125 S.W.3d 460, 462-68
(Tex. Crim. App. 2003). In Dyar, the Court of Criminal Appeals held that a hospital was
a suspicious place for purposes of Article 14.03(a)(1). Id. at 468. In Dyer: (1) the
appellant was taken to the hospital before the police arrived at the scene of the accident;
(2) the trooper arrived at the scene and observed a single car accident where the appellant's
vehicle had left the road and landed upside down; (3) at the hospital, the trooper noticed
that the appellant had slurred speech, red glassy eyes, a strong smell of alcohol and that
many of the appellant's answers were unintelligible; and (4) the appellant admitted to the
trooper that he had been drinking and driving that night. Id. at 464. The totality of the
circumstances test supported approving the legality of the appellant's warrantless arrest,
as the officer reasonably inferred from those facts that alcohol was likely a factor in the
accident. Id. Here, the appellant left the scene of the accident, then returned. When the
officer arrived, he found a single car accident where the appellant's vehicle had left the
road and landed in a ditch. When the deputy talked to the appellant, he noticed signs of
intoxication. The appellant poorly performed the field sobriety tests. The appellant
admitted he had been driving. Under the totality of the circumstances, the facts make the
location a "suspicious place," and also provided probable cause to believe that the
appellant had been drinking and driving. See Dyar, 125 S.W.3d at 468. Point of error
one is overruled.

 Point of error two challenges the sufficiency of the evidence to support the
conviction. Layland argues there is insufficient evidence to corroborate her admission that
she had been drinking before she drove. In conducting a legal sufficiency review, we
consider all the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979). In this case, Deputy Russell testified that Layland reported that she had her
last drink around 8:10 or 8:15 p.m. and the accident occurred around 9:40 p.m. The
appellant argues there is insufficient corroboration of her extrajudicial admissions that she
had been driving and that she had been drinking before she drove. While proof of the
corpus delicti of an offense may not be made by an extrajudicial confession alone, proof
of the corpus delicti need not be made independent of the extrajudicial confession. Self v.
State, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974). As long as there is some evidence
corroborating the confession, the confession may be used to aid in the establishment of the
corpus delicti. Id. The corpus delicti of driving while intoxicated is that someone drove
or operated a motor vehicle in a public place while intoxicated. Threet v. State, 157 Tex.
Crim. 497, 250 S.W.2d 200 (1952).

 Deputy Russell was dispatched at 9:43 p.m. and arrived at the scene fourteen
minutes later. Layland's Toyota Corolla was in a ditch; the tires were spinning and the
motor was still running. Layland's husband Walter brought her to the deputy a few
minutes past 10:00 p.m. Layland had a strong odor of alcohol, her speech was slurred,
it was hard for her to talk and her balance was very unsteady. She reported that she left
the scene because she was scared. Layland could perform the one-legged stand for only
a few seconds, she could not perform the nine-step walk-and-turn or the finger count, and
she could not accurately recite the alphabet beyond "F." Deputy Russell testified that in
his opinion the appellant had lost the normal use of her mental and physical faculties due
to the consumption of alcohol. When he inventoried the contents of her vehicle, Russell
found two small wine bottles, which were full and had condensation on them, and a can
of beer on the front passenger seat. Breath tests administered to Layland at the station
gave results of .216 and .229. 

 Walter Layland testified that his wife had been at an AA meeting until 8:15 p.m.
and arrived home around 9:00 p.m. They live a quarter of a mile from where the accident
occurred. He testified that Layland consumed a large bottle of wine between the time she
came home and she returned to the accident scene. He also testified that he took the wine
bottles out of the car, that they were not cold to the touch, and he threw them away.
Walter testified that he does not drink. He also suggested that Layland reported incorrectly
because she has difficulty with her sense of time. 

 One court reviewing an issue of proof of the corpus delicti of driving while
intoxicated reasoned, as follows:

 Proof of the precise time of an accident or of driving is not the sine
qua non of driving while intoxicated. Such proof is in itself not critical,
except as it establishes the time during which the fact finder must consider
the defendant's state and determine whether during that episode of driving
the defendant was intoxicated. Thus the critical issue is that there must be
proof from which the fact finder can conclude that at the time of the driving
in question, whenever that might be, the defendant was intoxicated, in other
words, a "link" between the driving and the intoxication.


Zavala v. State, 89 S.W.3d 134, 139 (Tex. App.--Corpus Christi 2002, no pet.). 


 In this case, the defendant drove her automobile into a ditch. Even the defense
conceded she was heavily intoxicated within an hour of the latest time she could have been
driving. There was alcohol in the vehicle, and it was not her husband's. Her
abandonment of the car while it was still running indicates guilty knowledge. The jury
could rationally disregard the evidence that the appellant consumed alcohol after she ceased
driving. We hold that the State established the corpus delicti. The jury could rationally
find beyond a reasonable doubt that, while intoxicated, the appellant operated a motor
vehicle in a public place. Point of error two is overruled. The judgment of the trial court
is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on August 5, 2004

Opinion Delivered August 31, 2004

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).