Opinion of February 7, 2008 Withdrawn; Affirmed and Substitute
Memorandum Opinion filed April 8, 2008








 

Opinion
of February 7, 2008 Withdrawn; Affirmed and Substitute Memorandum Opinion filed April 8, 2008.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00434-CR

____________

 

JESUS RUBEN GONZALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law # 11

Harris County, Texas

Trial Court Cause No. 1426522

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

After reviewing appellant=s petition for
discretionary review, we withdraw our opinion of February 7, 2008 and
substitute this opinion in its place.  See Tex. R. App. P. 50.

Appellant Jesus Ruben Gonzales challenges his conviction
for driving while intoxicated on the grounds that the evidence is legally and
factually insufficient to sustain the conviction.   We affirm. 

                        I.  Factual and Procedural Background

While driving home from a local bar on January 4, 2007,
Appellant struck the back of another vehicle.  Appellant approached the driver
of the second vehicle after the accident and offered his insurance information
and driver=s license.  The driver of the second vehicle did not
actually see Appellant hit the back of her vehicle.  The police were called and
an officer performed various field sobriety tests on Appellant, including the
horizontal gaze nystagmus test, the Romberg test, the walk and turn test, the
one leg stand test, and the nose touch test.  Based on the results of those
field sobriety tests, Appellant was charged by information with driving while
intoxicated.  He pleaded not guilty and the case was tried to a jury.   

Appellant and the State presented conflicting evidence on
the amount of alcohol consumed by Appellant.  The State presented testimony
from the bartender who served Appellant that evening.  She remembered Appellant
drinking two beers and two or three shots of alcohol before leaving the bar. 
The State also presented testimony from two police officers that Appellant=s movements were
slow, his speech was slurred, his eyes were red, and that Appellant smelled of
alcohol.  The jury also heard testimony from the driver of the second vehicle
that Appellant approached her vehicle immediately after the accident and
offered his insurance information.  No one else claimed to be driving, and as
far as complainant could tell, no one else had been in Appellant=s car.  A police
officer who arrived at the scene testified that Appellant identified himself to
the officer as a driver.  After Appellant=s motion for an
instructed verdict was denied, Appellant and his friend both testified that
Appellant had consumed only two beers.  Appellant further testified that he was
driving and that he accidentally hit the complainant=s vehicle when he
noticed that the light was green and the vehicle in front of him failed to
move.








The jury found Appellant guilty as charged and the trial court
sentenced him to one year in the Harris County jail and assessed a fine of one
thousand dollars plus court costs, but suspended the sentence and placed him on
community supervision for two years.  Appellant timely filed this appeal.

                                           II.  Issue and Analysis

Appellant contends that the trial court erred when it
denied his motion for an instructed verdict because the evidence was
insufficient to prove that Appellant was operating a motor vehicle.  We will
address the legal and factual sufficiency of the evidence.

A challenge to the denial of a motion for an instructed
verdict is a challenge to the legal sufficiency of the evidence.  McDuff v.
State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).  When evaluating legal
sufficiency challenges, we view all the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Drichas
v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  The standard
is the same for both direct and circumstantial evidence cases.  King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not
resolve any conflict of fact, weigh any evidence, or evaluate the credibility
of any witnesses, as this was the function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  We
view all of the evidence admitted at trial, and resolve any inconsistencies in
the evidence in favor of the verdict.  Id.  








Appellant argues that there was no evidence offered by the
State to show that he was in or near a vehicle at the time of the incident, or
that he was the driver of the motor vehicle that rear-ended the complainant. 
We disagree.  The State offered testimony from the complainant that Appellant
approached her vehicle immediately after the collision and offered to provide
insurance information.  The complainant further testified that no one else
claimed to be the driver and that as far as she could tell, no one else had
been in the other vehicle.  The State also offered testimony from a police
officer at the scene to whom Appellant identified himself as a driver.  Because
the denial of an instructed verdict is a challenge to the legal sufficiency of
the evidence, and because we examine all evidence admitted at trial when
evaluating a legal sufficiency challenge, we may also consider Appellant=s testimony after
the trial court denied Appellant=s motion for an
instructed verdict.  See McDuff, 939 S.W.2d at 613; see also Adelman,
828 S.W.2d at 421.  Appellant=s own testimony at trial, that he was driving
and accidentally hit the complainant=s vehicle,
supports our conclusion that the evidence is legally sufficient to support the
jury verdict.  However, Appellant=s brief did not
inform this court that Appellant gave a confession in court.  Instead,
Appellant=s brief left out this pertinent fact, in violation of
the Texas Rules of Appellate Procedure. Tex. R. App. P. 38.1(f).

Although Appellant Ais reluctant to
lob defensive theories into the void in a vain effort to see if something
sticks,@ Appellant should
have cited relevant and correct authority to support his own defensive lobs. 
Appellant cites one case supporting his contention that an accused=s out of court
statements, in and of themselves, cannot establish that Appellant operated a
motor vehicle.  Threet v. State, 250 S.W.2d 200, 200 (Tex. Crim. App.
1952).  However, Threet did not testify at trial, and his conviction for
driving while intoxicated was predicted on the testimony of one patrolman to
whom appellant admitted that he was the driver of a pick-up truck that had overturned. 
Threet is easily distinguishable from the present case.  In our case,
Appellant took the stand and admitted that he was the driver who rear-ended the
complainant.  Appellant=s conviction was not solely predicated on
his out of court statements.  Rather, his conviction was predicated on a
combination of evidence, including Appellant=s out of court
statements, the testimony of the complainant and officers at the scene, and Appellant=s own in-court
judicial confession.  Appellant incorrectly cites one additional case for his
contention that the State must present additional evidence beyond Appellant=s out of court
statements in order to establish corpus delecti: Neischwietz v. State,
2006 S.W.3d; (Tex. App.).  However, this court was unable to decipher Appellant=s incorrect
citation, which again violates the Texas Rules of Appellate Procedure.  Tex. R.
App. P. 38.1(g).  We reject Appellant=s argument that
the State failed to establish corpus delecti, and conclude that the evidence is
legally sufficient to support the verdict.  








When reviewing the factual sufficiency of the evidence to
support a conviction, we view all the evidence in a neutral light, favoring
neither party.  See Watson v. State, 204 S.W.3d 404, 408 (Tex.
Crim. App. 2006).  We then ask whether the evidence supporting the conviction,
although legally sufficient, is nevertheless so weak that the fact-finder=s determination is
clearly wrong and manifestly unjust or whether conflicting evidence so greatly
outweighs the evidence supporting the conviction that the fact-finder=s determination is
manifestly unjust.  Id.; Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  To reverse under the second ground, we must determine,
with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at 408.  

We may set the verdict aside if: (1) the evidence is so
weak that the verdict is clearly wrong or manifestly unjust or (2) the verdict
is against the great weight and preponderance of the evidence.  Watson,
204 S.W.3d at 414-15.  Although we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgement for
that of the jury, particularly in matters of credibility.  Drichas, 175
S.W.3d at 799; see also Watson, 204 S.W.3d at 414 (stating that a
court should not reverse a verdict it disagrees with, unless the verdict
represents a manifest injustice even though supported by legally sufficient
evidence).  

Appellant argues that the evidence was factually
insufficient to show that he was the driver of the vehicle that rear-ended the
complainant.  We disagree.  Using the same facts recited from the record in the
discussion of legal sufficiency, we conclude that this evidence is not so weak
that the fact-finder=s determination is clearly wrong or
manifestly unjust.  Therefore, we conclude that the evidence is factually
sufficient to support the jury=s verdict.

III.  Conclusion

 

 








Accordingly, we affirm the trial court=s judgment. 

 

 

/s/      Ross Sears

Senior Justice

 

 

 

Judgment rendered and Substitute
Opinion filed April 8, 2008.

Panel consists of Justices Yates,
Guzman, and Sears.[1]

Do Not Publish C Tex. R.
App. P. 47.2(b).

 

 

 









[1]  Senior Justice Ross Sears sitting by assignment.