## CECIL THREET v. STATE.

No. 25,926. June 25, 1952.

Hon. Guy McNeely, Judge Presiding.

*Ray Martin*, Wichita Falls, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Drunk driving is the offense; the punishment, ten days in jail.

On the afternoon of May 16, 1951, a highway patrolman was called to the scene of an automobile wreck just beyond the city limits of the city of Wichita Falls. There he found that a Ford pick-up truck had overturned. As a result of information then received, he went to a hospital where he found appellant, who admitted to the witness that he was the driver of the pick-up truck that had overturned. The witness testified that appellant was drunk at the time, with a strong odor of alcohol on his breath. The jailer into whose custody appellant was delivered testified that he was drunk at the time.

It is upon this testimony the conviction is predicated.

Appellant did not testify.

It is appellant's contention that the facts are insufficient to support the conviction, in that the corpus delicti was not established outside of and other than his extra-judicial confession. To support his contention, appellant relies chiefly upon the fact that it is only by his statement that he is shown to have been the driver of the pick-up truck, for that matter, of any other motor vehicle.

The corpus delicti of this offense consists of the fact that someone drove and operated a motor vehicle upon a public highway while intoxicated. The accused's confession cannot, itself, establish such fact.

Outside of appellant's confession, we have only a turned-over or wrecked pick-up on the highway to establish his guilt. Except for such confession, there is no testimony that he was the driver of the truck, that he owned the truck, or that he was seen at the place of the wreck.

That the evidence is insufficient to support the conviction is sustained by Pena v. State, 153 Tex. Cr. R. 637, 224 S. W. 2d 258.

The judgment is reversed and the cause remanded.

Opinion approved by the court.