**Q.T. HANSON, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–033–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 30, 1989.

Rick Bowman, Johnson, Johnson & Rothfelder, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Elizabeth Horan, Terri Moore, and Delonia A. Watson, Asst. Criminal Dist. Attys., Fort Worth, for the State.

Before WEAVER, C.J., and
KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Q.T. Hanson, pled not guilty to driving while intoxicated. TEX.REV. CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1989). A jury found her guilty. She was fined $300 and sentenced to 90 days in jail; both fine and jail term were probated for two years. Hanson has perfected this appeal from the judgment.

On December 25, 1985, the Fort Worth Police Department investigated a one-car accident in the 2000 block of Miller Street. The police observed a car on the right shoulder of the road; Hanson was beside the car. The police officer testified it appeared the car had struck a utility pole. Hanson did not have any visible injuries, but she seemed to be upset. The police testified Hanson appeared intoxicated. Hanson's breath sample registered .16 on the intoxilizer.

Hanson told police officers she had been driving the car when the accident happened, and admitted drinking three beers at her sister's house and some bourbon at her niece's house.

Hanson raises two points of error. Hanson contends the evidence at trial was insufficient to: 1) corroborate her extrajudicial confession that she drove the car; and 2) establish she operated the car while intoxicated.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (opinion on reh'g); *Wilson v. State*, 654 S.W.2d 465, 471–72 (Tex.Crim.App. 1983) (opinion on reh'g). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."

*Jackson v. Virginia*, 443 U.S. 307, 319 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson*, 672 S.W.2d at 803.

The corpus delicti of drunken driving is the (1) driving of a motor vehicle (2) on a public highway (3) while intoxicated. *Threet v. State*, 157 Tex.Crim. 497, 250 S.W.2d 200 (1952). The State may not establish the corpus delicti by the defendant's out-of-court statements. *Id.* Therefore, we cannot consider Hanson's out-of-court statements connecting her to the alleged offense unless the fact that the crime was committed has been established by other evidence. Other than the defendant's out-of-court statements, the State's only evidence is that Hanson was intoxicated and was standing next to a wrecked car. The State did not introduce any other evidence to show Hanson drove the car or ever owned the car. This evidence is insufficient to establish the corpus delicti of the offense. *Compare Ballard v. State*, 757 S.W.2d 389, 391 (Tex.App.—Houston [1st Dist.] 1988, rev. ref'd.).

In *Brown v. State*, 576 S.W.2d 36 (Tex. Crim.App.1978), the court first affirmed the conviction for conspiracy to commit murder for promise of remuneration holding that the evidence was sufficient to sustain the conviction when considered with the admissions in the confession. The court quoted *Self v. State*, 513 S.W.2d 832, 835 (Tex.Crim.App.1974): "If there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the corpus delicti." *Brown*, 576 S.W.2d at 42. On rehearing, the court distinguished *Self* in reversing on the grounds of insufficient evidence saying "the corpus delicti of conspiracy must contain a showing of *agreement* to commit a crime. In the instant case, there was no showing at trial beyond the confession itself that there had been an agreement to commit the murder. When there is no cor-

pus delicti, a confession cannot stand." *Id.* at 43 (emphasis in original). The confession may only be used in aid of evidence supporting an element of the corpus delicti. It may not be used to supply that element of the corpus delicti. Hanson's first point of error is sustained.

The State contends the evidence is sufficient because Hanson was seen at the place of the wreck. *Threet,* 250 S.W.2d at 200. In *Threet,* the court noted there was no evidence the defendant was seen at the site of the wreck, he was the driver of the vehicle or he owned the truck, but the court did not indicate any one of these would constitute sufficient evidence. *Id.* As noted above, the State did not introduce evidence to show Hanson ever drove the car. The evidence is insufficient to support a conviction. *McCafferty v. State,* 748 S.W.2d 489, 490–91 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Hanson's extra-judicial statement that she was drinking is corroborated by evidence that she was intoxicated. However, the evidence Hanson was intoxicated between 4:30 and 5:30 does not corroborate her statement concerning what time she drank alcohol. Her statement that she was driving the car is not corroborated by evidence she was standing next to an unidentified wrecked vehicle near a city street. This case is similar to *Coleman v. State,* 704 S.W.2d 511 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Several people were present at the scene of a two-car accident when the police arrived. The appellant said he was the driver of one of the cars, and he had "run into" the car in front of him. There was evidence he was intoxicated. In reversing appellant's conviction, the court held the corpus delicti was not established outside the confession and the evidence did not corroborate the elements of the corpus delicti. The opinion distinguishes *Sandoval v. State,* 422 S.W.2d 458 (Tex.Crim.App.1967) and *Perez v. State,* 432 S.W.2d 954 (Tex.Crim.App. 1968). *Id.* at 512. Hanson's second point of error is sustained.

Because the conviction must be reversed for insufficiency of the evidence to support the finding of guilty, the cause is remanded to the trial court with an order to enter a judgment of acquittal. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Judgment is reversed and this cause is remanded to the trial court.