Affirmed and Memorandum Opinion filed February 7, 2006









Affirmed
and Memorandum Opinion filed February 7, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00103-CR

____________

 

PEDRO CARTEGENA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 1

Galveston County, Texas

Trial Court Cause No. 228,772

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Pedro Cartegena, appeals from
his conviction for driving while intoxicated. 
A jury found him guilty, and the trial court sentenced him to six months
in jail, probated for eighteen months, and a $300 fine.  In two issues, appellant contends that the
evidence was legally and factually insufficient to support the verdict.  We affirm.

Background








Trooper Michael Brent Roper, of the Texas
Department of Public Safety, testified that on the evening of August 2, 2003,
he was on routine patrol north of Galveston. 
He spotted a vehicle parked on the shoulder of the northbound lanes of
Interstate 45.  Roper pulled behind the
vehicle and observed a man standing beside the vehicle who appeared to be
urinating.  Roper approached the man,
whom he identified in court as appellant. 
Roper saw someone in the passenger seat of the vehicle, but the driver=s seat was
unoccupied.  Appellant showed signs of
intoxication.  Roper made an inquiry, and
appellant said that he couldn=t wait and had
been urinating.   Appellant=s wife, who was in
the passenger=s seat, stated something to the effect of AI just gave him
the car back there.@ 
Appellant said, AYou wouldn=t have stopped me
if I wouldn=t have stopped to go to the bathroom.  I was driving good.  I was driving slow. . . .  I couldn=t wait.@  After administering field sobriety tests to
appellant, Roper arrested him on suspicion of DWI and took him to the Hitchcock
Police Department.  There, Roper
administered an intoxilizer breath test on a sample provided by appellant.  The results of the test showed appellant=s blood-alcohol
level at over twice the legal limit of .08. 
See Tex. Pen. Code Ann.
'' 49.01(2)(B),
49.04(a) (Vernon 2003).  Roper testified
that he concluded appellant had been driving the vehicle because appellant=s wife was sitting
in the passenger seat while the vehicle was stopped, and both appellant and his
wife made statements indicating he had been driving.  Roper stated, however, that after his arrest,
appellant said at one point AIt=s okay.  But I wasn=t driving.  But it=s okay.@  Roper explained that he discounted the
importance of this statement because people say a lot of things after being
arrested that they don=t mean. 
Roper also admitted that he did not know for certain how long the
vehicle had been parked in that location before he observed it.








A video camera on Roper=s vehicle recorded
much of the encounter that evening.  The
videotape was played for the jury at trial. 
Roper identified a man on the videotape as being appellant.  When Roper approached appellant, appellant
can be heard to say that he Acouldn=t wait@ and that he was
on the freeway and could not get off. 
Appellant seems to say, AI wasn=t driving that
bad.@  After Roper administered the sobriety tests
and arrested appellant, Roper asked appellant=s wife AHow come you=re not driving?@  She responded, ABecause I just had
to give him the car to him [sic] a few miles from here.@  Later in their conversation, she made a
nearly identical statement.  She then
added, AA few miles, like
ten miles.@ 
Roper asked if appellant had been driving since Galveston, and she
answered Ano.@  She explained that she was tired and they
changed drivers on the side of the freeway. 
The video camera also recorded statements made by appellant during the
ride to the Hitchcock Police Department. 
Appellant said, AYou never would have stopped me unless I
stopped to the bathroom [sic], right?@  He said AI driving . . . @; the final word
of the sentence is hard to make out but sounds like either Acool@ or Agood.@  Appellant further said, AI was driving slow
and everything. . . .  I was driving
good.  I swear that I was driving good.@

Milagro Valasquez, appellant=s wife, testified
that she was driving on the night in question, and her husband was not.  She stated that she went around to the
passenger side of the vehicle to open the door so that no one could see him
urinating.  She said that she was very
nervous when she was talking to the trooper, and she does not remember what she
said to him.  She admitted that she was a
little tired that night, but she denied that she stopped and let her husband
drive.  She said that he had been
drinking that day, and she felt that he had 
too much to drink to be driving. 
She said that she would have understood the trooper better if he had
spoken to her in Spanish.  She said that
her husband talks Aweird@ when he is
intoxicated.

Appellant testified that on the day in
question, he drank about ten beers before he and his wife got to Galveston, and
he consumed about three more while in Galveston.  He acknowledged that he was very intoxicated
by the time they left Galveston.  He said
that he did not drive at any point during that day.  He asserted that his words just Acame out wrong@ when he was
talking to the trooper.  He said that he
told the trooper before the audio of the videotape begins that he was not the
driver; his wife was the driver of the vehicle. 
He later reiterated this after the trooper arrested him.  He said that he may have made statements
about driving to the trooper because he was intoxicated and confused about what
the trooper was asking.








Analysis

In his second issue, appellant attacks the
legal sufficiency of the evidence to prove that he was driving while
intoxicated.  He does not dispute that he
was intoxicated at the time he encountered Trooper Roper; instead, he
specifically challenges the sufficiency of the evidence to support the finding
that he was driving while in that condition.[1]  In considering this challenge, we view the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  Although we examine all of the evidence
presented at trial, we may not re‑weigh the evidence or substitute our
judgment for that of the jury.  Id.  Appellant asserts that his conviction cannot
be sustained on his own uncorroborated out-of-court statements standing
alone.  In support of this argument, he
cites cases in which appellate courts reversed D.W.I. convictions because the
only evidence in the record that the defendant drove while intoxicated was the
defendant=s own out-of-court statements.  See Threet v. State, 250 S.W.2d 200 (Tex.
Crim. App. 1952); Hanson v. State, 781 S.W.2d 445, 446-47 (Tex. App.CHouston [1st
Dist.] 1989), abated, 790 S.W.2d 646 (Tex. Crim. App. 1990); Coleman
v. State, 704 S.W.2d 511, 511-12 (Tex. App.CHouston [1st
Dist.] 1986, pet. ref=d); see also Stoutner v. State, 36
S.W.3d 716, 721-23 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d).








The present case is distinguishable from
these cases because the record here contains additional evidence that appellant
was driving while intoxicated.  The
record contains evidence of inculpatory out-of-court statements by appellant,
both in the form of Roper=s testimony and the videotape taken from
Roper=s vehicle.  The record also contains evidence of
appellant=s wife=s statements,
recited by Roper and audible on the videotape, indicating that appellant had been
driving immediately prior to stopping on the roadside and encountering Trooper
Roper.  She twice stated that she had
just given him the car a few miles back because she was tired.  She also said that they changed drivers on
the side of the freeway and that he had stopped to urinate.  Additionally, Roper testified that when he
pulled behind the vehicle, appellant appeared to be urinating, and appellant=s wife was in the
passenger=s seat, not the driver=s seat.  Therefore, it was rational for the jury to
conclude that appellant had been driving while intoxicated immediately prior to
his encounter with Roper.  Appellant=s assertion that
his conviction was based solely on his own uncorroborated, out-of-court
statements is incorrect.  We overrule
appellant=s second issue.

In his first issue, appellant attacks the
factual sufficiency of the evidence to prove that he was driving while
intoxicated.  Again, he does not dispute
that he was intoxicated at the time he encountered Trooper Roper; rather, he
challenges the sufficiency of the evidence that he was driving while in that condition.  In evaluating the factual sufficiency of the
evidence, we examine all of the evidence in a neutral light and determine
whether the proof of guilt is so obviously weak as to undermine confidence in
the jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Specifically, appellant asserts that (1) his conviction Awas based solely
on the testimony of Trooper Brent Roper,@ and (2) there was
no evidence to support Roper=s conclusion that
appellant was driving except for appellant=s out-of-court
statements.  We discuss each argument in
turn.

First, appellant=s assertion that
the conviction was based solely on Roper=s testimony is
incorrect.  Nowhere in his briefing does
appellant mention the fact that the videotape was admitted into evidence and
repeatedly shown to the jury during trial. 
Trooper Roper=s testimony is strongly corroborated by
the videotape evidence.  On the
videotape, both appellant and his wife make multiple statements indicating that
appellant was driving immediately prior to stopping the vehicle on the shoulder
of the interstate.








Second, as discussed above, it is
additionally incorrect that there was no evidence to support Roper=s conclusion that
appellant was driving except for appellant=s out-of-court
statements.  Appellant=s wife also made
statements, recited by Roper and audible on the videotape, indicating that
appellant had been driving immediately before stopping on the roadside.  Additionally, Roper testified that when he
pulled behind the vehicle, appellant appeared to be urinating, and appellant=s wife was in the
passenger=s seat, not the driver=s seat.  Although she offered an explanation for why
she was in the passenger=s seat, the jury, as trier-of-fact, was
free to disbelieve her explanation.  See
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  The evidence was factually sufficient to
support the verdict.  We overrule
appellant=s first issue.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 7, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The record
contains the results of an intoxilizer breath test that showed appellant=s blood alcohol content at over twice the legal
limit.  Both appellant and his wife also
testified to his consumption of alcohol that day and his intoxicated state at
the time Trooper Roper found them on the side of the interstate.