COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-438-CR

 

 

TERRY WAYNE PATTERSON                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Terry Wayne
Patterson challenges the legal and factual sufficiency of the evidence to
support his conviction for felony driving while intoxicated.  We affirm.

 

 








                                            Background

Cheriba Heliker testified
that she was driving on a rural, two-lane road in the nighttime when she
observed Appellant=s oncoming
car approaching with its headlights off. 
She said Appellant swerved in and out of his lane.  Heliker testified that a tire on Appellant=s car blew out, and Heliker swerved into the bar ditch to avoid a collision.  She said that she made a u-turn, caught up to
Appellant=s vehicleCwhich was going ten to fifteen miles per hour and was Astill swerving all over the road@Cturned on her flashers, and started honking her horn.  Appellant eventually stopped in a gas station
parking lot, got out of his car, and approached Heliker=s vehicle.  Heliker said that
Appellant Ajust kept
mumbling and rambling on,@ his speech
was slurred, and he smelled of alcohol. Heliker called 911, and Appellant began
to walk away down the road, staggering Apretty bad[ly]@ as he
went.  Heliker concluded that Appellant
was intoxicated based on training she had received from the Texas Alcoholic
Beverage Commission when she worked for a convenience store.  Starr Jackson, who was riding as Heliker=s passenger, also testified, and her testimony is essentially the same
as Heliker=s.  








Reno Police Officer Jake
Sullivan testified that he responded to Heliker=s call.  He found Appellant
standing next to a pay phone in the gas station parking lot.  Officer Sullivan said that Appellant=s speech was slurred and slow, his eyes were bloodshot and watery, he
was swaying as he stood, and his breath smelled strongly of alcohol.  

Another officerCCorporal Colby LangfordCadministered the horizontal gaze nystagmus test.  Corporal Langford testified that Appellant
exhibited six out of six possible clues of intoxication.  Appellant refused to perform the one-leg-stand
test and the walk-and-turn test. 
Corporal Langford said that he attempted to administer a portable
breathalyser test, but Appellant first pretended that he could not blow through
the breathalyser tube and then blew the tube off the device.  Upon Appellant=s third attempt to blow into the breathalyser, the device indicated
that he had consumed alcoholic beverages. Corporal Langford testified that
Appellant told him he had consumed three beers. 
Corporal Langford arrested Appellant for driving while intoxicated.  At the county jail, Appellant refused to
submit to another breathalyser test, and Corporal Langford obtained a search
warrant to draw a sample of Appellant=s blood.  Corporal Langford
testified in considerable detail that Appellant was belligerent, combative, and
uncooperative throughout the entire encounter; among other things, Appellant
screamed, spat, head-butted the camera mounted in Langford=s patrol car, and threatened to urinate in the car.    








Lori Whitmarsh, a medical
technologist at Weatherford Regional Medical Center, testified that she drew
Appellant=s
blood.  Raymond Waller, the manager of
the Department of Public Safety Crime Laboratory in Abilene, testified that he
analyzed the blood sample drawn by Whitmarsh and that Appellant=s blood contained .22 grams of alcohol per 100 milliliters, or close
to three times the legal limit.  He
testified that to attain a blood alcohol level of .22, an average person would
have to consume twelve beers over the course of an hour.   

Appellant testified on his
own behalf.  He denied having consumed
any alcohol on the evening in question before his tire blew out.  He testified that he had an unopened pint of
whiskey underneath his van=s back seat.  Appellant said
that after he parked the van in the gas station parking lot, he opened the
whiskey and drank half of the bottle in Atwo gulps.@  He testified that after speaking to Heliker
and Jackson, he walked down the road to find the blown tire=s hubcap and that he drank the rest of the whiskey as he walked.  Appellant said he finished the whiskey and
threw the bottle into a dumpster before the police arrived at the gas station.  Appellant first testified that he drank the
whiskey over the course of Athirty minutes, maybe sooner,@ but on cross examination he said that he Adid all that in less than 10 minutes.@  He testified that he had lied
to the police when he told them he had consumed three beers.  He also admitted that he had lied to the
police when he told them, AI promise you I was not driving.@ 








The jury found Appellant
guilty, and the trial court assessed punishment at twelve years= confinement.  

                                             Discussion

Appellant argues that the
evidence is legally and factually insufficient to prove beyond a reasonable
doubt that he was intoxicated while he was driving his vehicle.  








When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v.
State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the factfinder=s determination is manifestly unjust. 
Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson,
204 S.W.3d at 414B15, 417.

A person commits the offense
of driving while intoxicated if the person operates a motor vehicle in a public
place without the normal use of mental or physical faculties due to the
introduction of alcohol or other substances into the body.  Tex. Penal Code Ann. '' 49.01(2)(A),
49.04(a) (Vernon 2003).  The corpus
delicti of driving while intoxicated is that someone drove or operated a motor
vehicle in a public place while intoxicated. 
Threet v. State, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200
(1952).

Appellant challenges the
legal and factual sufficiency of the evidence to support the Awhile intoxicated@ part of the corpus delicti, arguing that there is no evidence that he
was intoxicated while he was driving. 
Appellant points to a note sent out by the jury during deliberations on
guilt-innocence asking the trial court, AYour honor, can we find the Defendant guilty of a lesser charge of
public intoxication instead of driving while intoxicated?@Cto which the trial court answered Ano@Cas an indication that the jury was struggling with the question of
whether Appellant was driving while intoxicated or became intoxicated after he
stopped driving. 








But the jury ultimately
resolved the question against Appellant, and the evidence supports that
resolution.  Heliker testified that
Appellant was swerving across the roadway even before his tire blew and driving
without his headlights on.  Both Heliker
and Jackson testified that he smelled of alcohol, his speech was incoherent and
slurred, and he was staggering immediately after he stopped his vehicle at the
gas station.  Neither Heliker nor Jackson
saw Appellant drinking anything after he stopped driving, and neither of them
saw a bottle on his person.  Officer
Sullivan, who arrived about ten minutes later, testified that Appellant=s speech was slurred and slow, his eyes were bloodshot and watery, he
was swaying as he stood, and his breath smelled strongly of alcohol.  Shortly thereafter, Appellant exhibited six
clues on the horizontal gaze nystagmus test, failed a breathalyser test, and
told Corporal Langford that he had been drinking beer.  From this evidence a jury could reasonably
conclude beyond a reasonable doubt that Appellant was not only intoxicated when
the police administered the field tests and took his blood sample, but when he
was driving, too.

The only evidence that
Appellant became intoxicated after he stopped driving came from Appellant
himself.  The jury is free to accept or
reject any or all of the evidence of either party and any or all of the
testimony of any witness.  Hernandez
v. State, 161 S.W.3d 491, 500 & n.28, 501 (Tex. Crim. App. 2005).  In this case, the jury rejected Appellant=s testimony that he did not start drinking until he stopped driving.








Appellant argues that this
case is like Coleman v. State, 704 S.W.2d 511 (Tex. App.CHouston [1st. Dist.] 1986, no pet.). 
In Coleman, the defendant was involved in a traffic
accident.  Id. at 511.  The defendant told the officers he had been
driving one of the cars involved in the accident, but the officers determined
that someone else had been in his car, too. 
Id.  During their
investigation, the police noticed that the defendant appeared to be
intoxicated, and he failed a field sobriety test and, later, a breathalyser
test.  Id.  On appeal from the defendant=s DWI conviction, the court of appeals held,

Here,
as appellant argues, there is nothing in the record before us to show that he
operated a motor vehicle while intoxicated. Testimony indicates that he was
intoxicated when the officers arrived at the scene of the accident, but there
is no evidence, other than his own extrajudicial confession, to show that
appellant was driving the vehicle, and no evidence whatsoever to show that he
was intoxicated at the time he was driving. Therefore, the evidence is
insufficient to support appellant=s conviction for driving while
intoxicated.

 

Id. at
512.  Our case is distinguishable from Coleman
because (1) Appellant judicially admitted through his sworn trial
testimony that he was the driver of the vehicle in question, (2) Heliker
testified that Appellant was swerving across the roadway even before his tire
blew out, and (3) Heliker and Jackson testified that Appellant appeared to be
intoxicated immediately following the blowout. 
Thus, unlike Coleman, there is some evidence in this case that
Appellant was driving and that he was intoxicated while driving.








Viewing the evidence in the
light most favorable to the prosecution, we hold that a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt;
thus, the evidence is legally sufficient. 
See Jackson, 443 U.S. at 319, 99 S. Ct. St 2789; Clayton,
235 S.W.3d at 778.  Viewing the evidence
in a neutral light, we hold that it is also factually sufficient.  See Neal, 256 S.W.3d at
275.  We therefore overrule both of
Appellant=s points and
affirm the trial court=s judgment.

PER CURIAM

 

PANEL:
GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 22, 2009











[1]See Tex.
R. App. P. 47.4.