

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-438-CR

TERRY WAYNE PATTERSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Terry Wayne Patterson challenges the legal and factual sufficiency of the evidence to support his conviction for felony driving while intoxicated. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

**Background**

Cheriba Heliker testified that she was driving on a rural, two-lane road in the nighttime when she observed Appellant's oncoming car approaching with its headlights off. She said Appellant swerved in and out of his lane. Heliker testified that a tire on Appellant's car blew out, and Heliker swerved into the bar ditch to avoid a collision. She said that she made a u-turn, caught up to Appellant's vehicle—which was going ten to fifteen miles per hour and was "still swerving all over the road"—turned on her flashers, and started honking her horn. Appellant eventually stopped in a gas station parking lot, got out of his car, and approached Heliker's vehicle. Heliker said that Appellant "just kept mumbling and rambling on," his speech was slurred, and he smelled of alcohol. Heliker called 911, and Appellant began to walk away down the road, staggering "pretty bad[ly]" as he went. Heliker concluded that Appellant was intoxicated based on training she had received from the Texas Alcoholic Beverage Commission when she worked for a convenience store. Starr Jackson, who was riding as Heliker's passenger, also testified, and her testimony is essentially the same as Heliker's.

Reno Police Officer Jake Sullivan testified that he responded to Heliker's call. He found Appellant standing next to a pay phone in the gas station parking lot. Officer Sullivan said that Appellant's speech was slurred and slow,

his eyes were bloodshot and watery, he was swaying as he stood, and his breath smelled strongly of alcohol.

Another officer—Corporal Colby Langford—administered the horizontal gaze nystagmus test. Corporal Langford testified that Appellant exhibited six out of six possible clues of intoxication. Appellant refused to perform the one-leg-stand test and the walk-and-turn test. Corporal Langford said that he attempted to administer a portable breathalyser test, but Appellant first pretended that he could not blow through the breathalyser tube and then blew the tube off the device. Upon Appellant's third attempt to blow into the breathalyser, the device indicated that he had consumed alcoholic beverages. Corporal Langford testified that Appellant told him he had consumed three beers. Corporal Langford arrested Appellant for driving while intoxicated. At the county jail, Appellant refused to submit to another breathalyser test, and Corporal Langford obtained a search warrant to draw a sample of Appellant's blood. Corporal Langford testified in considerable detail that Appellant was belligerent, combative, and uncooperative throughout the entire encounter; among other things, Appellant screamed, spat, head-butted the camera mounted in Langford's patrol car, and threatened to urinate in the car.

Lori Whitmarsh, a medical technologist at Weatherford Regional Medical Center, testified that she drew Appellant's blood. Raymond Waller, the

3

manager of the Department of Public Safety Crime Laboratory in Abilene, testified that he analyzed the blood sample drawn by Whitmarsh and that Appellant's blood contained .22 grams of alcohol per 100 milliliters, or close to three times the legal limit. He testified that to attain a blood alcohol level of .22, an average person would have to consume twelve beers over the course of an hour.

Appellant testified on his own behalf. He denied having consumed any alcohol on the evening in question before his tire blew out. He testified that he had an unopened pint of whiskey underneath his van's back seat. Appellant said that after he parked the van in the gas station parking lot, he opened the whiskey and drank half of the bottle in "two gulps." He testified that after speaking to Heliker and Jackson, he walked down the road to find the blown tire's hubcap and that he drank the rest of the whiskey as he walked. Appellant said he finished the whiskey and threw the bottle into a dumpster before the police arrived at the gas station. Appellant first testified that he drank the whiskey over the course of "thirty minutes, maybe sooner," but on cross examination he said that he "did all that in less than 10 minutes." He testified that he had lied to the police when he told them he had consumed three beers. He also admitted that he had lied to the police when he told them, "I promise you I was not driving."

4

The jury found Appellant guilty, and the trial court assessed punishment at twelve years' confinement.

**Discussion**

Appellant argues that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he was intoxicated while he was driving his vehicle.

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the

5

factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

A person commits the offense of driving while intoxicated if the person operates a motor vehicle in a public place without the normal use of mental or physical faculties due to the introduction of alcohol or other substances into the body. Tex. Penal Code Ann. §§ 49.01(2)(A), 49.04(a) (Vernon 2003). The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Threet v. State*, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200 (1952).

Appellant challenges the legal and factual sufficiency of the evidence to support the "while intoxicated" part of the corpus delicti, arguing that there is no evidence that he was intoxicated while he was driving. Appellant points to a note sent out by the jury during deliberations on guilt-innocence asking the trial court, "Your honor, can we find the Defendant guilty of a lesser charge of public intoxication instead of driving while intoxicated?"—to which the trial court answered "no"—as an indication that the jury was struggling with the question of whether Appellant was driving while intoxicated or became intoxicated after he stopped driving.

But the jury ultimately resolved the question against Appellant, and the evidence supports that resolution. Heliker testified that Appellant was swerving

6

across the roadway even before his tire blew and driving without his headlights on. Both Heliker and Jackson testified that he smelled of alcohol, his speech was incoherent and slurred, and he was staggering immediately after he stopped his vehicle at the gas station. Neither Heliker nor Jackson saw Appellant drinking anything after he stopped driving, and neither of them saw a bottle on his person. Officer Sullivan, who arrived about ten minutes later, testified that Appellant's speech was slurred and slow, his eyes were bloodshot and watery, he was swaying as he stood, and his breath smelled strongly of alcohol. Shortly thereafter, Appellant exhibited six clues on the horizontal gaze nystagmus test, failed a breathalyser test, and told Corporal Langford that he had been drinking beer. From this evidence a jury could reasonably conclude beyond a reasonable doubt that Appellant was not only intoxicated when the police administered the field tests and took his blood sample, but when he was driving, too.

The only evidence that Appellant became intoxicated after he stopped driving came from Appellant himself. The jury is free to accept or reject any or all of the evidence of either party and any or all of the testimony of any witness. *Hernandez v. State*, 161 S.W.3d 491, 500 & n.28, 501 (Tex. Crim. App. 2005). In this case, the jury rejected Appellant's testimony that he did not start drinking until he stopped driving.

7

Appellant argues that this case is like *Coleman v. State*, 704 S.W.2d 511 (Tex. App.—Houston [1st. Dist.] 1986, no pet.). In *Coleman*, the defendant was involved in a traffic accident. *Id.* at 511. The defendant told the officers he had been driving one of the cars involved in the accident, but the officers determined that someone else had been in his car, too. *Id.* During their investigation, the police noticed that the defendant appeared to be intoxicated, and he failed a field sobriety test and, later, a breathalyser test. *Id.* On appeal from the defendant's DWI conviction, the court of appeals held,

> Here, as appellant argues, there is nothing in the record before us to show that he operated a motor vehicle while intoxicated. Testimony indicates that he was intoxicated when the officers arrived at the scene of the accident, but there is no evidence, other than his own extrajudicial confession, to show that appellant was driving the vehicle, and no evidence whatsoever to show that he was intoxicated at the time he was driving. Therefore, the evidence is insufficient to support appellant's conviction for driving while intoxicated.

*Id.* at 512. Our case is distinguishable from *Coleman* because (1) Appellant *judicially* admitted through his sworn trial testimony that he was the driver of the vehicle in question, (2) Heliker testified that Appellant was swerving across the roadway even before his tire blew out, and (3) Heliker and Jackson testified that Appellant appeared to be intoxicated immediately following the blowout. Thus, unlike *Coleman*, there is some evidence in this case that Appellant was driving and that he was intoxicated while driving.

8

Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt; thus, the evidence is legally sufficient. *See Jackson*, 443 U.S. at 319, 99 S. Ct. St 2789; *Clayton*, 235 S.W.3d at 778. Viewing the evidence in a neutral light, we hold that it is also factually sufficient. *See Neal,* 256 S.W.3d at 275. We therefore overrule both of Appellant's points and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2009