

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-283-CR

ROBERT LEE WARD                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

Robert Lee Ward appeals his conviction for driving while intoxicated.  In two points, he argues the evidence is legally and factually insufficient to prove he operated a motor vehicle.[2]  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] Appellant does not contest that he was intoxicated at the time of the single-vehicle accident.

## II. Factual and Procedural Background

Appellant was charged with driving while intoxicated, a class B misdemeanor. *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). Appellant pled not guilty, and the trial court conducted a bench trial on August 20, 2008.

Arlington Police Officer Phillip Hinkle testified he received a dispatch at 3:07 a.m. on March 11, 2007. Officer Hinkle testified over Appellant's hearsay objection that the 9-1-1 caller said a white SUV hit a tree and a pole on Harris Road and that the driver was wearing a blue-striped shirt. Officer Hinkle said that he was near the accident scene when he received the dispatch, and that upon arrival, he saw the white SUV leaned against a tree and a white male wearing a blue shirt with stripes leaving the scene on foot. Appellant matched the description received through dispatch, was the only person in the area, and was twenty to thirty feet from the vehicle when Officer Hinkle arrived. While testifying, Officer Hinkle identified Appellant as the person he saw the night of the accident.

Officer Hinkle testified he pulled his patrol car into the path Appellant was travelling, exited the patrol car, and made contact with Appellant. Officer Hinkle asked Appellant for his name, and Appellant gave Officer Hinkle his driver's license. Officer Hinkle noticed a scratch on Appellant's forehead, but Appellant declined medical care. Officer Hinkle also observed Appellant to be

2

disoriented, somewhat confused, and unable to maintain his balance. On cross-examination, Officer Hinkle acknowledged he did not see the vehicle in operation, did not see anyone inside the vehicle, and did not talk to anyone that saw the vehicle in operation or a person inside the vehicle.

Officer Walt Mathis testified he arrived at the accident scene approximately seven minutes after receiving the dispatch. Upon arrival, he noticed Appellant had a strong smell of an alcoholic beverage. Officer Mathis also testified he found an insurance card in Appellant's name inside the wrecked vehicle.

Officer Chad Hickey testified he arrived at the accident scene approximately fifteen minutes after the dispatch. When he opened the door of the patrol car in which the officers detained Appellant, Officer Hickey was "overwhelmed by the strong odor of an alcoholic beverage." Officer Hickey testified that Appellant had bloodshot, glassy, and watery eyes, that Appellant had slurred speech, and that Appellant "was stumbling a little bit" while he stood and talked to Officer Hickey. Appellant denied having anything to drink but refused all field sobriety tests. In the patrol car on the way to the jail, Appellant asked Officer Hickey, "[W]hat was the big deal about what happened back there[;] all [I] hit was a pothole." At the jail, Appellant said, "I messed up, didn't I[?]"

3

The trial court found Appellant guilty as charged and sentenced Appellant to fifteen days' confinement and a $650.00 fine. This appeal followed.

### III. Analysis

#### A. Legal Sufficiency of the Evidence

Appellant argues in his first point that the evidence is legally insufficient to support his conviction because no witness saw him operate a motor vehicle and he did not admit to operating a motor vehicle.

##### 1. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The standard of review for cases based on circumstantial evidence is the same as the standard for reviewing cases with direct evidence. *Laster v. State*, 275 S.W.3d 512, 519–20 (Tex. Crim. App. 2009); *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). In cases based on circumstantial evidence, it is not required that all facts point to a defendant's guilt; it is sufficient if the combined and cumulative force of all of the incriminating circumstances

4

warrants the conclusion of guilt. *See Courson v. State*, 160 S.W.3d 125, 128 (Tex. App.—Fort Worth 2005, no pet.) (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (en banc), *cert. denied*, 511 U.S. 1046 (1994)).

### 2.    Applicable Law

A person commits the offense of driving while intoxicated if the person operates a motor vehicle in a public place without the normal use of mental or physical faculties due to the introduction of alcohol or other substances into the body.  Tex. Penal Code Ann. §§ 49.01(2)(A), 49.04(a) (Vernon 2003).  The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Threet v. State*, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200 (1952).

### 3.    Discussion

Appellant contends the hearsay evidence of the 9-1-1 caller's description of the driver cannot establish the sufficiency of the evidence because the hearsay evidence was only admissible to establish probable cause.[3]  We disagree.  In conducting a legal sufficiency review, we are required to review *all* evidence admitted at trial, even improperly admitted evidence.  *Moff v.*

---

[3] Appellant does not argue the trial court incorrectly overruled his objection.

*State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004); *Shaffer v. State*, 184 S.W.3d 353, 359 (Tex. App.—Fort Worth 2006, pet. ref'd).

Appellant also contends we must reverse his conviction because no one saw him operating the vehicle. Appellant relies heavily on this court's opinion in *Hanson v. State*, in which we reversed the trial court's judgment and held there was insufficient evidence to support the conviction because "the State did not introduce evidence to show Hanson ever drove the car." 781 S.W.2d 445, 447 (Tex. App.—Fort Worth 1989), *pet. abated*, 790 S.W.2d 646 (Tex. Crim. App. 1990). In *Hanson*, the police officers observed a wrecked vehicle with Hanson beside the vehicle. *Id.* at 446. Hanson had no visible injuries but seemed upset. *Id.* Hanson admitted to officers that she had been driving the car at the time of the accident. *Id.* However, the State had no other evidence that Hanson drove or owned the car. *Id.* Because we could not consider Hanson's out-of-court statements "unless the fact that the crime was committed ha[d] been established by other evidence," we held the evidence insufficient to support the conviction. *Id.* *Hanson* is distinguishable because the conviction here is not dependent upon an uncorroborated extra-judicial admission by Appellant. *See Turner v. State*, 877 S.W.2d 513, 516 (Tex. App.—Fort Worth 1994, no pet.).

Neither an extra-judicial confession nor direct evidence is required to prove that a DWI defendant was operating a vehicle; the State may prove the identity of a vehicle's driver by circumstantial evidence. *See Hernandez v. State*, 13 S.W.3d 78, 80 (Tex. App.—Texarkana 2000, no pet.) (holding circumstantial evidence sufficient to prove defendant was driving vehicle when defendant was the only person walking near wrecked vehicle despite defendant's assertion to investigating officers that he was not the driver and that the driver had run away); *Yeary v. State*, 734 S.W.2d 766, 769 (Tex. App.—Fort Worth 1987, no pet.) (holding circumstantial evidence sufficient to show defendant was driving vehicle when defendant was the only person in the vicinity of wrecked vehicle and vehicle's windshield was lying on defendant's body); *see also Freeman v. State*, No. 02-08-00079-CR, 2009 WL 579292, at *3 (Tex. App.—Fort Worth March 5, 2009, no pet.) (mem. op., not designated for publication) (holding circumstantial evidence sufficient to prove defendant was driving vehicle when defendant was the only person in the vehicle, the vehicle belonged to defendant, defendant was bleeding, and although he did not admit to driving the vehicle, defendant told the police he had just been in a wreck).

There is legally sufficient circumstantial evidence in this case to prove beyond a reasonable doubt that Appellant was driving the wrecked vehicle. A

9-1-1 caller reported that a white SUV hit a tree and that the driver was wearing a blue-striped shirt. Officer Hinkle saw Appellant, with a scratch on his forehead and wearing a blue-striped shirt, approximately twenty to thirty feet from the white SUV when he arrived at the accident scene; no one else was in the area. Officer Mathis also found an insurance card inside the vehicle indicating Appellant insured the vehicle. Further, Appellant voluntarily told Officer Hickey that he "hit a pothole" and that he had "messed up." Viewed in the light most favorable to the prosecution, we hold that the evidence is legally sufficient to support the trial court's determination that Appellant operated the vehicle while intoxicated. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's first point.

B.      Factual Sufficiency of the Evidence

Appellant contends in his second point that the evidence is factually insufficient to support his conviction because no witness saw him operate a motor vehicle and he did not admit to operating a motor vehicle.

1.      Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App.

2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the judgment. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the factfinder or because we disagree with the factfinder's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the factfinder's. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the factfinder's determination of the weight to be given contradictory testimonial

9

evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id.* at 9.

2. Discussion

In this case, a 9-1-1 caller reported that a white SUV hit a tree and that the driver was wearing a blue-striped shirt. When he arrived, Officer Hinkle saw Appellant, wearing a blue-striped shirt, approximately twenty to thirty feet from the white SUV. Appellant had a scratch on his forehead, and there were no other persons in the area. Officer Mathis found an insurance card showing Appellant insured the vehicle. Further, Appellant voluntarily told Officer Hickey that he "hit a pothole" and "I messed up, didn't I." Viewing all of the evidence in a neutral light, we cannot say that the evidence is so weak that the trial court's determination that Appellant operated the vehicle while intoxicated is clearly wrong and manifestly unjust or that the conflicting evidence so greatly outweighs the evidence supporting the verdict that the trial court's determination is manifestly unjust. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. We overrule Appellant's second point.

## IV.  Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 10, 2009

11