

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00042-CR

CHRISTOPHER MATHEW
AROCHA

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
TRIAL COURT NO. 1316179

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Mathew Arocha appeals his conviction for driving while intoxicated (DWI).[2]  In his sole issue, he contends that when applying the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2014).

common-law corpus delicti rule, the evidence is insufficient to support his conviction. We affirm.

**Background Facts**

One early morning in February 2013, Fort Worth Police Department Officer James Ramsel, by happenstance, came upon the aftermath of a two-car accident. He saw a car blocking a lane, another car parked on the side of the road, tire marks going across a median, and a "bunch of debris in the roadway." He concluded that the car blocking the road had been rear-ended. The driver of that car was "in and out of consciousness." Officer Ramsel called for an ambulance.

While Officer Ramsel was investigating the accident, appellant and another man approached him. Appellant described the events causing the accident and admitted that he had been driving one of the crashed cars. Specifically, he said that the other car had "pulled out in front of him[,] and he didn't have time to stop." Appellant pointed to the truck that he said he had driven. Officer Ramsel never saw appellant operate the truck.

While talking to appellant, Officer Ramsel noticed a strong odor of alcohol, heavy and watery eyes, and slurred speech and suspected that appellant was intoxicated. Appellant admitted to having drunk "a few drinks." Officer Ramsel conducted three standard field sobriety tests; appellant showed signs of intoxication on each test.

2

Officer Ramsel arrested appellant for DWI, and the State charged him accordingly. A jury found appellant guilty, and the trial court sentenced him to fifty days' confinement. This appeal followed.

**Sufficiency of Evidence to Establish Corpus Delicti of DWI**

Appellant contends that the evidence is insufficient to support the verdict. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

A defendant's extrajudicial confession is not sufficient evidence of guilt without other evidence that tends to establish the offense's corpus delicti. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *see Carrizales v. State*, 414 S.W.3d 737, 740 (Tex. Crim. App. 2013) ("The corpus delicti rule is a common law, judicially created, doctrine—the purpose of which was to ensure

3

that a person would not be convicted based solely on his own false confession to a crime that never occurred."); *Fisher v. State*, 851 S.W.2d 298, 302–03 (Tex. Crim. App. 1993) ("The rule does not require that the independent evidence fully prove the corpus delicti, only that it tend to prove the corpus delicti."). The State must present evidence supporting a defendant's extrajudicial confession to "show that the 'essential nature' of the charged crime was committed by someone."[3] *Hacker*, 389 S.W.3d at 866; *Fisher*, 851 S.W.2d at 303; *see also Self v. State*, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974) ("If there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the corpus delicti."), *overruled on other grounds by Fisher*, 851 S.W.2d at 303; *Pendley v. State*, No. 02-03-00111-CR, 2004 WL 2712109, at *4 (Tex. App.—Fort Worth Nov. 24, 2004, pet. ref'd) (mem. op., not designated for publication) ("If there is some evidence corroborating the admission, the admission may be used to aid in the establishment of the corpus delicti.").

We consider all of the record evidence in the light most favorable to the jury's verdict to determine whether that evidence tends to establish the corpus delicti. *Fisher*, 851 S.W.2d at 303; *see also Gribble v. State*, 808 S.W.2d 65, 71–72 (Tex. Crim. App. 1990) (plurality op.) ("Because the [corpus delicti] rule

---

[3]The historical rationale for the corpus delicti rule guarded against the "shocking spectacle and deleterious effect upon the criminal justice system when a murder victim suddenly reappeared, hale and hearty, after his self-confessed murderer had been tried and executed." *Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002).

4

peremptorily reduces the weight of admissible evidence for policy reasons . . . without express legislative sanction, . . . the quantum of independent evidence necessary to corroborate the *corpus delicti* . . . need not be great."), *cert. denied*, 501 U.S. 1232 (1991). "So long as there is some evidence which renders the *corpus delicti* more probable than it would be without the evidence, . . . the essential purposes of the [corpus delicti] rule have been served." *Gribble*, 808 S.W.2d at 72; *see Rocha v. State*, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000) (repeating the "more probable" standard).

The corpus delicti of DWI is the "(1) driving of a motor vehicle (2) on a public highway (3) while intoxicated." *Turner v. State*, 877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.) (citing *Threet v. State*, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200 (1952)); *see Hanson v. State*, 781 S.W.2d 445, 446 (Tex. App.—Fort Worth 1989), *abated*, 790 S.W.2d 646 (Tex. Crim. App. 1990). The State must present only some evidence to corroborate the confession, and a corroborated confession may be used to help establish the corpus delicti. *Turner*, 877 S.W.2d at 515; *see also Hanson*, 781 S.W.2d at 447 ("The confession may only be used in aid of evidence supporting an element of the corpus delicti. It may not be used to supply that element of the corpus delicti."). But we must reverse a conviction when the evidence fails to corroborate an

extrajudicial confession that the defendant was driving.[4] *Threet*, 157 Tex. Crim. at 498, 250 S.W.2d at 200; *Hanson*, 781 S.W.2d at 446–47.

Appellant contends that other than his extrajudicial statements, the State did not present any evidence tending to establish that he operated a motor vehicle.[5] We disagree.

Officer Ramsel was the sole witness in front of the jury. He testified that just before 3 a.m. on a February 2013 morning, he drove upon an accident that was blocking a lane. He noticed significant debris in the roadway and saw substantial damage to the rear of the car that remained on the road. Before speaking to appellant, Officer Ramsel knew that the car blocking the street had been rear-ended from his observations at the scene, including the position of that car and the heavy damage to its back end. Officer Ramsel also saw tire marks on the road that he associated with the wreck. Upon getting out of his patrol car, he saw a woman in the driver's seat of the car that blocked the road; she was fading "in and out of consciousness" while the passenger in the car was

---

[4]We recognize that "identity of the perpetrator is not a part of the *corpus delicti* and may be established by an extrajudicial confession alone." *Gribble*, 808 S.W.2d at 70. But in a DWI case like this one, where no one other than the defendant was apparently intoxicated while having the potential to drive the truck, there can be no "perpetrator"—and no crime—if the defendant was not driving. Courts have repeatedly required proof of the defendant's driving to prove the corpus delicti of DWI. *See, e.g., Threet*, 157 Tex. Crim. at 498, 250 S.W.2d at 200; *Hanson*, 781 S.W.2d at 446–47; *Coleman v. State*, 704 S.W.2d 511, 512 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

[5]Appellant does not contest the sufficiency of the corroborating evidence to prove that he was intoxicated.

6

attempting to drive it off the road.  Soon thereafter, appellant approached Officer Ramsel and confessed that he had been driving the truck involved in the accident (and pointed to it), which was parked on the side of the street.[6]  Appellant said that a car had "pulled out in front of him and he didn't have time to stop" before striking the car from behind.

Although these facts may not be sufficient by themselves to show appellant's driving of the truck involved in the crash, they at least add some probability that he was driving when viewed in the light most favorable to the verdict.  *See Rocha*, 16 S.W.3d at 4; *Gribble*, 808 S.W.2d at 72–73; *see also Chambers v. State*, 866 S.W.2d 9, 15–16 (Tex. Crim. App. 1993) ("All that is required is that there be some evidence which renders the commission of the offense more probable than it would be without the evidence."), *cert. denied*, 511 U.S. 1100 (1994); *Farmer v. State*, No. 02-06-00113-CR, 2006 WL 3844169, at *3 (Tex. App.—Fort Worth Dec. 28, 2006, pet. ref'd) (mem. op., not designated for publication) ("The corroborating evidence need not be sufficient in itself to prove the offense charged.").  Specifically, Officer Ramsel's observations— including the presence of a car and debris in the roadway and a driver who was fading in and out of consciousness—indicate that the crash had occurred soon

---

[6]Although Officer Ramsel testified that another man approached him with appellant, no evidence shows that this man was associated with appellant or had necessarily been in the truck with him.

7

before he discovered it.[7] Appellant was present at the scene of the recent wreck (as was his truck parked on the side of the road), making it more likely that he had driven one of the cars involved in it.

More importantly, Officer Ramsel's conclusions about how the crash occurred, which he reached before speaking to appellant, were confirmed by appellant's statements detailing the events leading to the crash. The driver of an automobile involved in a wreck would tend to be able to relay accurate information about the wreck, so the link of Officer Ramsel's independent conclusions about how the wreck occurred to appellant's statements about the wreck produce a greater likelihood that appellant drove the truck that was still at the scene.

We recognize that this corroborating evidence, while producing a greater probability of appellant's driving than his confession alone, does not conclusively negate the possibility that someone else was driving. For example, the corroborating evidence does not foreclose the possibility that the other man who approached Officer Ramsel along with appellant was driving (although he apparently did not claim to be) while appellant was a passenger or that appellant came upon the accident shortly after it had occurred, like Officer Ramsel had. But the mere ambiguity of corroborating evidence under the corpus delicti rule does not render the evidence insufficient. *See Chambers*, 866 S.W.2d at 16 n.2;

---

[7]We reject appellant's argument that there was no evidence in this case of "how long ago the wreck occurred."

8

*Gribble*, 808 S.W.2d at 73 (holding that the State adequately proved the corpus delicti of kidnapping even though the facts were "ambiguous in some respects and far from adequate to support the conclusions they impl[ied]"); *see also Merritt v. State*, 368 S.W.3d 516, 527 (Tex. Crim. App. 2012) (holding that a reviewing court errs when it focuses "on the existence of a reasonable hypothesis inconsistent with the guilt of the accused").

Appellant argues that the facts from this case "cannot be meaningfully distinguished" from those in *Hanson*, in which we reversed a DWI conviction for the State's failure to prove the corpus delicti. *See* 781 S.W.2d at 447. In *Hanson*, the police investigated a one-car accident, saw a car on the shoulder of a road, noticed a damaged utility pole, and saw Hanson, who was upset, beside the car. *Id.* at 446. We held that this evidence was insufficient to corroborate Hanson's extrajudicial confession that she drove the car. *Id.* In doing so, we stated, in accordance with precedent at that time from the court of criminal appeals, that a "conviction based on circumstantial evidence [could not] be sustained if the circumstances [did not] exclude every other reasonable hypothesis except that of the guilt of the defendant."[8] *Id.* (citing *Johnson v. State*, 673 S.W.2d 190, 195 (Tex. Crim. App. 1984)). This is no longer the law. *See Merritt*, 368 S.W.3d at 527; *Laster v. State*, 275 S.W.3d 512, 520 (Tex. Crim.

---

[8]We also relied on a 1952 case from the court of criminal appeals in which, unlike the defendants in *Hanson* and this case, the defendant was not present at the site of the wreck. *See* 781 S.W.2d at 447 (citing *Threet*, 157 Tex. Crim. at 498, 250 S.W.2d at 200).

App. 2009) ("[O]nce we recognized that circumstantial evidence was as valuable as direct evidence, we abandoned the reasonable hypothesis test.").

To the extent that we based our decision in *Hanson* on the now-defunct reasonable-hypothesis construct, it does not control the outcome here. But even if some principles from *Hanson* still apply, that case is distinguishable on its facts. Here, appellant gave details about how the crash occurred that Officer Ramsel's independent observations confirmed. As discussed above, appellant's knowledge about the sequence of the crash (as opposed to a bare statement that an accident occurred, as in *Hanson*) provides increased probability that he drove the truck involved in the crash.

Appellant also cites DWI-related cases in which appellate courts, including our own, held that the State proved the corpus delicti, and he contends that the evidence in this case is insufficient because it does not contain the corroborating features discussed in those cases. *See, e.g.*, *Turner*, 877 S.W.2d at 515–16 (concluding that evidence of a defendant standing next to his car soon after a power outage, damage to a transformer in the path of the accident, steam spewing from the hood of the car, and no other possible drivers in the area was sufficient to corroborate his extrajudicial admission of driving the car). We decline to hold that the evidence is insufficient in this case only because it lacks particular corroborating facts present in other cases.

For the reasons stated above, we conclude that the evidence, when viewed in the light most favorable to the verdict, is sufficient to tend to prove the

10

corpus delicti of DWI, and we overrule appellant's only issue. *See Fisher*, 851 S.W.2d at 302–03; *Gribble*, 808 S.W.2d at 72; *McCann v. State*, 433 S.W.3d 642, 647–48 (Tex. App—Houston [1st Dist.] 2014, no pet.) (upholding a DWI conviction because among other corroborating circumstances, the defendant "described how the accident occurred" and was found near the scene of the crash); *see also Young v. State*, No. 02-04-00437-CR, 2005 WL 1654763, at *3 (Tex. App.—Fort Worth July 14, 2005, no pet.) (mem. op. on reh'g, not designated for publication) (upholding a DWI conviction when an officer testified that he found a truck facing the wrong direction on the freeway, demonstrating that someone had lost control of it and corroborating the defendant's statement that he did so).

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 11, 2014