**April Michelle LAYLAND, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–359 CR.**

Court of Appeals of Texas, Beaumont.

Submitted on Aug. 5, 2004.

Decided Aug. 31, 2004.

---

Wesley Clements, Houston, for Appellant.

Michael A. McDougal, Dist. Atty., Stella Stevens and Michael C. Young, Asst. Dist. Attys., for State.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

A jury found April Michelle Layland to be guilty of the misdemeanor offense of driving while intoxicated. The trial court assessed punishment at 180 days in jail, probated for eighteen months, and a $500 fine. In two points of error, Layland appeals the pre-trial ruling on her motion to suppress and challenges the legal sufficiency of the evidence supporting her conviction. For reasons that follow, we affirm the trial court's judgment.

 Point of error one contends the trial court erred when it overruled her motion to suppress statements made by the defendant. We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We give almost total deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Johnson v. State*, 68 S.W.3d 644, 652 (Tex.Crim.App.2002). We review *de novo* a trial court's rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses. *Id.* at 652–53.

At the pre-trial hearing, deputy sheriff Judd Russell testified he arrived at the scene of a single-vehicle automobile accident at 9:57 p.m. and determined that sufficient damage had occurred to require the preparation of an accident report. April Michelle Layland was not present, but her husband Walter was. Deputy Russell informed Mr. Layland, "either I could go to his residence and get Ms. Layland or he could bring her back with her license and insurance." When Mr. Layland brought his wife back to the scene, the deputy noticed that she was unsteady on her feet and provided *Miranda*[1] (1) warnings. Deputy Russell testified that Layland was not under arrest at that point. The appellant admitted that she had been driving. Because he smelled alcohol on her breath, the deputy determined that field sobriety tests would be appropriate. She failed the field sobriety tests. The deputy determined that the appellant was intoxicated in public. Russell decided she was a possible danger to herself and others, and took her into custody. While at the jail, Layland admitted that she had been drinking before the accident. She informed the officer that she was trying to kill herself and drove off the road intentionally.

 First, Layland argues that her arrest was unlawful and occurred, not when Deputy Russell transported her to the jail, but when her husband contacted her at their house. She argues that Walter Layland had been deputized to act as a "posse comitatus." We find no evidence that the law enforcement officer intended to invest Walter Layland with any authority of a law enforcement officer. Deputy Russell

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

was not suggesting that Walter Layland do anything that he was not already authorized to do, that is, communicate with his wife. Layland argues: "The implied threat was that the deputy would go into the house and arrest Appellant if Mr. Layland did not bring her back." Had such a threat been implied, it would have been evident that she would not be under arrest if she came willingly. According to the deputy, the purpose of the encounter was to prepare an accident report. None of the evidence adduced at the hearing suggests that suspicion of any criminal offense arose before the appellant returned to the scene. The trial court could have found that the appellant voluntarily returned to the scene of the accident, and that she was, as Deputy Russell testified, free to leave until formally taken into custody.

■■■ Second, Layland argues that no grounds for a warrantless arrest are present in this case. She also argues that none of the conditions exist for a lawful warrantless arrest. Article 14.03 authorizes a warrantless arrest of a person found in a suspicious place and under circumstances which reasonably show that such person has been guilty of a breach of the peace or public intoxication. See Tex.Code Crim. Proc. Ann art. 14.03 (Supp.2004). Layland argues that she was home in bed, not in a suspicious place. The circumstances of this case are similar to those in *Dyar v. State*, 125 S.W.3d 460, 462–68 (Tex.Crim. App.2003). In *Dyar*, the Court of Criminal Appeals held that a hospital was a suspicious place for purposes of Article 14.03(a)(1). *Id.* at 468. In Dyer: (1) the appellant was taken to the hospital before the police arrived at the scene of the accident; (2) the trooper arrived at the scene and observed a single car accident where the appellant's vehicle had left the road and landed upside down; (3) at the hospital, the trooper noticed that the appellant had slurred speech, red glassy eyes, a strong smell of alcohol and that many of the appellant's answers were unintelligible; and (4) the appellant admitted to the trooper that he had been drinking and driving that night. *Id.* at 464. The totality of the circumstances test supported approving the legality of the appellant's warrantless arrest, as the officer reasonably inferred from those facts that alcohol was likely a factor in the accident. *Id.* Here, the appellant left the scene of the accident, then returned. When the officer arrived, he found a single car accident where the appellant's vehicle had left the road and landed in a ditch. When the deputy talked to the appellant, she noticed signs of intoxication. The appellant poorly performed the field sobriety tests. The appellant admitted she had been driving. Under the totality of the circumstances, the facts make the location a "suspicious place," and also provided probable cause to believe that the appellant had been drinking and driving. *See* Dyar, 125 S.W.3d at 468. Point of error one is overruled.

■■■ Point of error two challenges the sufficiency of the evidence to support the conviction. Layland argues there is insufficient evidence to corroborate her admission that she had been drinking before she drove. In conducting a legal sufficiency review, we consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, Deputy Russell testified that Layland reported that she had her last drink around 8:10 or 8:15 p.m. and the accident occurred around 9:40 p.m. The appellant argues there is insufficient corroboration of her extrajudicial admissions that she had been driving and that she had

been drinking before she drove. While proof of the *corpus delicti* of an offense may not be made by an extrajudicial confession alone, proof of the *corpus delicti* need not be made independent of the extrajudicial confession. *Self v. State*, 513 S.W.2d 832, 835 (Tex.Crim.App.1974). As long as there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the *corpus delicti*. *Id.* The *corpus delicti* of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Threet v. State*, 157 Tex.Crim. 497, 250 S.W.2d 200 (1952).

■ Deputy Russell was dispatched at 9:43 p.m. and arrived at the scene fourteen minutes later. Layland's Toyota Corolla was in a ditch; the tires were spinning and the motor was still running. Layland's husband Walter brought her to the deputy a few minutes past 10:00 p.m. Layland had a strong odor of alcohol, her speech was slurred, it was hard for her to talk and her balance was very unsteady. She reported that she left the scene because she was scared. Layland could perform the one-legged stand for only a few seconds, she could not perform the nine-step walk-and-turn or the finger count, and she could not accurately recite the alphabet beyond "F." Deputy Russell testified that in his opinion the appellant had lost the normal use of her mental and physical faculties due to the consumption of alcohol. When he inventoried the contents of her vehicle, Russell found two small wine bottles, which were full and had condensation on them, and a can of beer on the front passenger seat. Breath tests administered to Layland at the station gave results of .216 and .229.

Walter Layland testified that his wife had been at an AA meeting until 8:15 p.m. and arrived home around 9:00 p.m. They live a quarter of a mile from where the accident occurred. He testified that Layland consumed a large bottle of wine between the time she came home and she returned to the accident scene. He also testified that he took the wine bottles out of the car, that they were not cold to the touch, and he threw them away. Walter testified that he does not drink. He also suggested that Layland reported incorrectly because she has difficulty with her sense of time.

One court reviewing an issue of proof of the *corpus delicti* of driving while intoxicated reasoned, as follows:

Proof of the precise time of an accident or of driving is not the *sine qua non* of driving while intoxicated. Such proof is in itself not critical, except as it establishes the time during which the fact finder must consider the defendant's state and determine whether during that episode of driving the defendant was intoxicated. Thus the critical issue is that there must be proof from which the fact finder can conclude that at the time of the driving in question, whenever that might be, the defendant was intoxicated, in other words, a "link" between the driving and the intoxication.

*Zavala v. State*, 89 S.W.3d 134, 139 (Tex. App.-Corpus Christi 2002, no pet.).

In this case, the defendant drove her automobile into a ditch. Even the defense conceded she was heavily intoxicated within an hour of the latest time she could have been driving. There was alcohol in the vehicle, and it was not her husband's. Her abandonment of the car while it was still running indicates guilty knowledge. The jury could rationally disregard the evidence that the appellant consumed alcohol after she ceased driving. We hold that the State established the *corpus delicti*. The jury could rationally find beyond a reasonable doubt that, while intoxicated, the ap-

pellant operated a motor vehicle in a public place. Point of error two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.