COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| KANUBHAI A. PATEL, | § | No. 08-13-00311-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Four |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC# 004-83898-2013) |

## O P I N I O N

Appellant Kanubhai A. Patel appeals his misdemeanor conviction for driving while intoxicated.   He contends the trial court erred in failing to give an Article 38.23 jury instruction regarding the validity of his arrest and its effect on evidence obtained from his arrest.   We hold the trial court was not required to instruct the jury because other facts, not in dispute, were sufficient to support the lawfulness of the challenged conduct.   Accordingly, we affirm.[1]

## BACKGROUND

Michael Howell lives on County Road 201 in McKinney, Texas.   Howell was walking his dog one evening when he heard a car engine repeatedly revving and tires spinning.   Thinking someone was stuck in a ditch, he went to investigate.   He found a car that appeared to have run off

---

[1]  This case was transferred from our sister court in Dallas, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

the road and almost down into a creek. He saw Appellant come around the car and wave him away in an exaggerated manner, and then lose his balance and fall against the car. Because Appellant appeared to be intoxicated, Howell called 911. In the 911 call, Howell confirmed to the emergency dispatcher that an accident had occurred on County Road 201, and that the vehicle was "in part of the ditch for County Road 201."

Officer Jason Pruitt was dispatched to the scene of an accident off of "County Road," which he described as a public place in a highly-wooded area of Collin County. Once at the scene, Officer Pruitt heard wheels spinning and saw a driver attempting to drive a Lexus out of a wooded area approximately 30 yards off the roadway. When Officer Pruitt approached the vehicle, he found Appellant in the driver's seat. Appellant could not find his driver's license even though it was visible in the wallet he was holding, and it took Appellant some time to determine which window to roll down. When Appellant rolled down the window, Officer Pruitt smelled an odor of alcohol coming from the vehicle. Officer Pruitt noted that Appellant's vehicle was backed over a wire fence and post. When Appellant exited the vehicle, Officer Pruitt observed that Appellant was lethargic, was stuttering and not answering questions, was unable to maintain his balance, and had a distinct odor of alcohol coming from his mouth when he spoke. Appellant informed Officer Pruitt that he had been driving from Dallas to Plano. Appellant was unable to perform the standardized field sobriety tests due to his inability to keep his balance. Whereupon Officer Pruitt determined Appellant was intoxicated and arrested him.

Officer Pruitt testified that the accident occurred at a curve on County Road 201, which was a public roadway. It was evident Appellant's vehicle had exited the roadway as tire tracks were visible that "went off to the side buffer to get back on the roadway." It was also apparent

2

from the position of the vehicle and the tire tracks that Appellant had then for some reason backed up over a barbed wire fence.

When the State offered into evidence the blood kit, vial, and iodine swab used in obtaining Appellant's blood specimen, Appellant made several objections, including one under Article 38.23. Appellant's argument to the trial court focused on his actions in attempting to drive out of the ditch. Appellant argued that if the location where Officer Pruitt observed Appellant operating the vehicle was not a public place, Officer Pruitt did not observe an offense as it occurred and was required to obtain a warrant before arresting Appellant and obtaining a blood specimen. The State focused on Appellant's actions on County Road 201. The State argued there was sufficient evidence to show Appellant was in a public place because Officer Pruitt had testified that County Road 201 is a public road, that there were track marks going off the public road leading to where Appellant and his vehicle were found, and that Appellant had informed Officer Pruitt he was driving the vehicle from Dallas to Plano.

Out of the presence of the jury, Officer Pruitt acknowledged there was no road leading to where Appellant's car was found, which was near the bottom of a creek. He agreed that the barbed wire fence denoted a property line, but noted that Appellant had not driven his vehicle over the fence "to get there" but, rather, Appellant had backed his vehicle over the fence. Officer Pruitt also noted that only Appellant's back tires were on the fence and that he thought "that it would be County on this side of the ditch." He acknowledged that he did not know whether the area where he found Appellant's vehicle was private, but stated that the vehicle was in a ditch approximately 30 yards off the roadway, with tire tracks that zig-zagged and led to the roadway. The trial court overruled Appellant's objection.

Back before the jury, Officer Pruitt testified that Appellant had operated a vehicle on County Road 201, a public road. Under cross-examination, Officer Pruitt acknowledged that he did not know whether the land on which Appellant's vehicle came to rest was private or public, but that there were no roads other than County Road 201 leading to the area in which the vehicle came to rest, and that Appellant's tire tracks led "down to there." In Officer Pruitt's opinion, where Appellant's vehicle was located fell within one of the categories of public place as defined in the Penal Code. On re-direct, Officer Pruitt again testified that he saw the tires of Appellant's vehicle spinning, saw Appellant behind the driver's seat, saw Appellant operating the motor vehicle, and agreed that Appellant would have had to enter the ditch by way of County Road 201, a public road, and that the ditch was a public place. Although the rear tires of Appellant's vehicle were on the fence and the back of the vehicle was against a tree, the vehicle was not on the other side of the fence but was on the side of the roadway where the tire tracks left the road and led to where Appellant and his car were found.

During the charge conference, Appellant sought an Article 38.23 instruction, and his counsel read the proposed language into the record:[2]

> You are instructed that under our law no evidence obtained or derived by an officer, [sic] our law provides that an officer may only arrest a person without a warrant when the offense is committed within his view. Also, a peace officer may arrest without a warrant persons found in suspicious places and under circumstances which reasonably show that the person has been guilty of some felony, violation of Title 9, Chapter 32, Penal Code, breach of the peace, or threaten or about to commit some offense against the laws.

Appellant also proposed the "application paragraph" state:

---

[2] The trial court later directed Appellant's counsel to submit the requested instruction in writing for the trial court's denial. If any written instruction was tendered to the trial court, it is not included in the record on appeal

4

Now if you find from the evidence on the case in question the arresting officer did not observe an offense committed within his view, either a felony or an offense against the public peace, or that the peace officer –[.]

The trial court interrupted Appellant, indicating Appellant was requesting an instruction on a matter of law, which was beyond the purview of the jury, rather than a matter of fact. The trial court refused to submit the proposed instruction, concluding "the issue is really a matter of law, not a matter of fact for [the] jury."

**DISCUSSION**

Article 38.23 prohibits the admission of illegally-obtained evidence and requires that, in any case where a fact issue is raised whether evidence was obtained in violation of the Constitution or laws of the United States or the State of Texas, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

On appeal, Appellant contends the trial court erred in refusing his "specially requested instruction regarding the legality of the arrest and the effect of an illegal arrest upon the evidence in the case." In particular, Appellant contends he was entitled to an Article 38.23 jury instruction because "the State made no effort to prove that the arrest occurred on public property, a crucial element in proving to the jury that the arrest was lawful and any evidence obtained as a result of that arrest was lawfully obtained."

Appellant's contention is based on when an arresting officer has the power to arrest without a warrant, which is governed by the provisions of Chapter 14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01-14.06 (West 2015). As a

general rule a peace officer may arrest an offender without a warrant for any offense committed "in his presence or within his view." *Id.* at art. 14.01(b). Chapter 14, however, provides numerous exceptions to this general rule. For example, a peace officer may also arrest, without a warrant, "persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony … [or] breach of the peace[.]" *Id.* at art. 14.03(a)(1).

Appellant's contention is also based on the requirement that a person commits the offense of driving while intoxicated only if the person is intoxicated while operating a motor vehicle in a "public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). A "public place" is any place to which the public has access. *Id*. at § 1.07(a)(40); *see Partee v. Texas Dep't of Pub. Safety*, 249 S.W.3d 495, 501 (Tex.App. – Amarillo 2007, no pet.) ("In determining whether an area is a public place for purposes of § 49.04, the relevant inquiry is whether the public has access to the place."). The definition of "public place" is open-ended and places discretion in the courts to interpret the definition and apply it to a variety of locations. *See State v. Gerstenkorn,* 239 S.W.3d 357, 358-59 (Tex.App. – San Antonio 2007, no pet.).

Appellant's brief is rather succinct in its discussion of the issue on appeal. But, it appears from the brief, as well as from Appellant's proposed instruction and his arguments at trial, that Appellant's contention remits to this: Appellant's warrantless arrest was valid only if an offense was committed in Officer Pruitt's presence or view. The only alleged offense committed in Officer Pruitt's presence or view involved Appellant's attempts to drive his Lexus out of the ditch. But, the offense of DWI requires that the operation of a motor vehicle while intoxicated be in a "public place." A fact issue was raised whether Appellant's vehicle was in a "public place" when Officer Pruitt observed him attempting to drive it out of the ditch. Accordingly, the trial court

6

was required to submit an Article 38.23 instruction to the jury concerning that fact issue and its effect on consideration of the blood specimen evidence.[3]

Both Appellant and the State focus on appeal on whether a contested, material fact issue was raised whether Appellant's vehicle was in a "public place" when Officer Pruitt observed him attempting to drive out of the ditch. We do not need to parse the evidence concerning whether the vehicle's location in the ditch was a "public place," however. We conclude that other facts, not in dispute, are sufficient to support the lawfulness of Appellant's arrest, making any disputed fact issue not submitted to the jury immaterial to the ultimate admissibility of the evidence.

The terms of Article 38.23 are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly. *Madden v. State*, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007). There are three requirements a defendant must meet before he is entitled to an Article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* Thus, a defendant's right to an Article 38.23 jury instruction is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render the evidence inadmissible. *Id.* at 509–10. A fact issue whether evidence was legally obtained may be raised from any source, and that evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex.Crim.App. 2012); *Garza v. State*,

---

[3] We agree with the trial court that Appellant's proposed instruction as dictated into the record appeared to speak only of a question of law. "The first requirement for obtaining a jury instruction under Article 38.23, is that the defendant requests an instruction on a specific historical fact or facts." *Madden v. State*, 242 S.W.3d 504, 511 (Tex.Crim.App. 2007). The Court of Criminal Appeals provided an example of a specific, fact-based Article 38.23 instruction in *Oursbourn v. State*, 259 S.W.3d 159, 173-74 (Tex.Crim.App. 2008) ("Do you believe that Officer Obie held a gun to the defendant's head to extract his statement? If so, do not consider the defendant's confession.").

126 S.W.3d 79, 85 (Tex.Crim.App. 2004). If there is no disputed factual issue, however, no instruction is required because the legality of the conduct is a question of law to be determined by the trial judge alone, and not a question of fact for the jury's determination. *Madden,* 242 S.W.3d at 510.

Important here, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. *Id.*; *see, e.g., Gerron v. State,* 119 S.W.3d 371, 377 (Tex.App. – Waco 2003, no pet.) (defendant not entitled to Article 38.23 jury instruction because State's evidence raised several alternative reasons for stopping him, only one of which involved a disputed fact); *Reynosa v. State,* 996 S.W.2d 238, 240 (Tex.App. – Houston [1st Dist.] 1999, no pet.) (although defendant testified that he did not run stop sign, no evidence contradicted officer's testimony that defendant was speeding and failed to stay in single lane; no Article 38.23 instruction necessary); *Markey v. State,* 996 S.W.2d 226, 230–31 (Tex.App. – Houston [14th Dist.] 1999, no pet.) (defendant not entitled to Article 38.23 jury instruction even though he denied speeding because he did not contradict the other moving violation that the officer relied upon in pulling him over).

Here, any disputed fact issue concerning whether the ditch, where Appellant ended up after running off County Road 201, was a "public place" was not material to the ultimate admissibility of the blood specimen evidence, and thus was not required to be submitted to the jury, because the undisputed evidence demonstrated that Officer Pruitt had probable cause to arrest Appellant without a warrant for driving while intoxicated on County Road 201 itself.

The fact that Officer Pruitt did not personally observe Appellant driving on County Road

8

201 is irrelevant. Article 14.03(a)(1) provides in pertinent part that a peace officer may arrest, without a warrant, a person found in a suspicious place and under circumstances reasonably showing that he committed a "breach of the peace." TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1). Driving while intoxicated is a breach of the peace under Article 14.03(a)(1). *Gallups v. State*, 151 S.W.3d 196, 201 (Tex.Crim.App. 2004) (citing *Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App. 1979)); *see also Perez v. State*, No. 10-09-00022, 23, 24-CR, 2010 WL 3342009, at *3 (Tex.App. – Waco Aug. 25, 2010, no pet.) (mem. op., not designated for publication) ("DWI is a breach of the peace."). "Thus, an officer may have probable cause to arrest a person for DWI if the officer finds the arrestee in circumstances indicating that the arrestee committed this offense, even though the officer did not see the arrestee driving a vehicle." *State v. Rudd*, 255 S.W.3d 293, 300 (Tex.App. – Waco 2008, pet. ref'd).

The test under Article 14.03(a)(1) is a totality of the circumstances test. First, probable cause that the defendant committed a crime must be found. Second, the defendant must be found in a "suspicious place." *Dyar v. State*, 125 S.W.3d 460, 468 (Tex.Crim.App. 2003). The determination whether a place is suspicious is a highly fact-specific inquiry. *Id*. Any place may become suspicious when an individual at the location and the accompanying circumstances raise a reasonable belief that the individual committed a crime. *Id*. at 464-68; *Perez*, 2010 WL 3342009, at *3. For example, a defendant's home, where he was arrested for DWI soon after he walked there after abandoning his wrecked truck at the scene of an accident, was a "suspicious place" under Article 14.03(a)(1). *Gallups*, 151 S.W.3d at 201. And, a hospital, where the defendant was arrested for DWI soon after he was transported there after an accident, was a "suspicious place" under Article 14.03(a)(1). *Dyar*, 125 S.W.3d at 468; *see also Perez*, 2010 WL 3342009, at

9

**2-3 (residence, where defendant was found passed out on the floor soon after an accident, was a "suspicious place" under Article 14.03(a)(1)).

Numerous courts have found a warrantless arrest valid under Article 14.03(a)(1) under circumstances similar to those in the present case. *See, e.g., Gallups*, 151 S.W.3d at 201; *Dyar*, 125 S.W.3d at 468; *Perez*, 2010 WL 3342009, at **2-3; *State v. Wrenn*, No. 05-08-01114-CR, 2009 WL 1942183, at *3 (Tex.App. – Dallas July 8, 2009, no pet.) (mem. op., not designated for publication); *see also Peters v. Tex. Dep't of Public Safety*, No. 05-05-00103-CV, 2005 WL 3007783, at *2 (Tex.App. – Dallas Nov. 10, 2005, no pet.) (mem. op., not designated for publication).

For example, in *Layland v. State*, 144 S.W.3d 647 (Tex.App. – Beaumont 2004, no pet.) (per curiam), the defendant was convicted of a misdemeanor DWI offense, where the arresting officer arrived at the scene of a single-vehicle automobile accident where the vehicle had left the road and landed in a ditch. *Id*. at 649, 650. The driver was not at the scene, but returned later, and the officer noticed she was unsteady on her feet and showed other signs of intoxication. *Id*. The driver admitted she had been driving, and because the officer smelled alcohol on her breath, the officer performed field sobriety tests, on which the driver performed poorly. *Id*. The officer determined the driver was intoxicated and took her into custody. *Id*. at 649. While in custody, the driver admitted she had been drinking and informed the officer she drove off the road intentionally in a suicide attempt. *Id*. The driver moved to suppress those statements, claiming her warrantless arrest was unlawful. *Id*. The court of appeals concluded that under the totality of the circumstances the facts made the location a "suspicious place," and also provided probable cause for the officer to believe that the appellant had been drinking and driving, thereby making

10

the warrantless arrest valid and the subsequent statements admissible. *Id*. at 650.

Likewise in the present case, when Officer Pruitt arrived at the scene, he found a single-car accident where Appellant's vehicle had left the road, traveled 30 yards down an embankment, and landed in a ditch, almost at the bottom of a creek. Officer Pruitt observed Appellant was unsteady on his feet and smelled of alcohol, as well as other indications of intoxication. Appellant acknowledged he had been driving on County Road 201, and he was unable to perform the field sobriety tests due to his lack of balance. As in *Layland*, the totality of the circumstances in the present case support the legality of Appellant's warrantless arrest, as the officer reasonably inferred from the facts that alcohol was a likely factor in the accident. Under the totality of the circumstances, the undisputed facts made the location a "suspicious place" and provided probable cause for Officer Pruitt to believe Appellant had been drinking and driving on County Road 201.

Because the undisputed facts demonstrate the validity of Officer Pruitt's warrantless arrest of Appellant for driving while intoxicated on County Road 201 itself, any disputed fact issue concerning whether the ditch where Appellant ended up after running off County Road 201 was a public place was not material to the ultimate admissibility of the blood specimen evidence. Accordingly, the trial court was not required to submit an Article 38.23 instruction to the jury concerning whether the ditch was a "public place." *Madden*, 242 S.W.3d at 510. Appellant's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

October 23, 2015

11

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)