**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00061-CR**
_____

**ANDY RICHARD STROUSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-08-09050 CR**

**MEMORANDUM OPINION**

Following a jury trial that resulted in his conviction for driving while intoxicated, a felony, Andy Richard Strouse appeals, arguing (1) the trial court erred by failing to suppress all of the evidence that police obtained in searching his truck, all the evidence regarding what he said to the police the evening of his arrest, and the results of his blood test; (2) insufficient evidence was admitted in his trial to show, beyond reasonable doubt, that he was intoxicated when he operated his truck; (3) insufficient evidence was admitted in his trial to prove that

1

he used or exhibited a deadly weapon when committing the offense; (4) his counsel rendered ineffective assistance; and, (5) the trial court's decision to give him a forty-year sentence imposed a cruel and unusual punishment that violated his constitutional rights.

In its brief, the State concedes that insufficient evidence was admitted during the trial to support the jury's finding that Strouse used or exhibited a deadly weapon when he committed the offense. However, as to the remaining issues, we conclude that Strouse failed to properly preserve his complaints for our review or that his complaints are without merit. Accordingly, we modify the trial court's judgment, and we delete the deadly-weapon finding; in all other respects, the trial court's judgment, as modified in the appeal, is affirmed.

Admission of Evidence

In issue one, Strouse argues that in the guilt-innocence phase of his trial, the trial court erred by allowing the State to introduce the evidence found by the police following their search of his truck, any testimony regarding the statements that he made to the investigating officers regarding whether he had recently been driving, and the results of a blood draw that showed Strouse had ingested methamphetamine. According to Strouse, all of this evidence should have been excluded from the jury because the searches were done without warrants and because, given that he was intoxicated, he could not have validly given the police

permission to search his truck or to draw his blood. In response, the State argues that Strouse failed to object to all but two of the exhibits, State's Exhibits 11 and 12,[1] which were admitted over his objections in the trial. Additionally, the State argues that when Strouse lodged objections to Exhibits 11 and 12 at trial, there was not yet any evidence showing that he was unable "to comprehend his decision to allow law enforcement to search his vehicle to the extent that such consent was rendered involuntary."

Strouse did not ask that the trial court conduct a suppression hearing regarding the various exhibits that he complains the trial court erred by admitting in his trial.[2] Additionally, Strouse was required to lodge contemporaneous objections each time the State offered the evidence that he addresses in his appeal,

---

[1] State's Exhibit 11 consists of a photograph of a jar and its contents that police removed from Strouse's truck. State's Exhibit 12 consists of a photograph of a butane lighter, which the police removed from the cab of the truck.

[2] Strouse did not object to the admission of the consent form he signed that gave his permission to collect and submit a specimen of his blood for testing, to the test results on the contents of material in the jar that showed the jar contained trace amounts of methamphetamine, or to the lab results that showed Strouse had methamphetamine in his blood. In his appeal, Strouse also argues that the statement he made to police at the scene, indicating that he had recently driven his truck, was inadmissible. According to Strouse, the statement is the product of a pre-*Miranda* custodial interrogation that occurred in violation of state law. *See generally* Tex. Code Crim. Proc. Ann. art. 38.22 (West Supp. 2015). However, during the trial, Strouse did not object to the admission of his statement on the grounds that it was inadmissible under the Texas Code of Criminal Procedure. *See* Tex. R. App. P. 33.1.

and he was required to object each time the evidence was admitted to preserve his complaints about the various items of evidence he is complaining about in his appeal. *See Ethington v. State*, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991). In Strouse's case, the record shows that he never obtained a running objection to any of the items of evidence that he contends were inadmissible. Additionally, with respect to the objections Strouse made regarding Exhibits 11 and 12, his objections are not the same as his appellate arguments, which assert the exhibits were inadmissible because he was so intoxicated he could not have voluntarily consented to any requests to conduct a search. Therefore, with respect to Exhibits 11 and 12, Strouse must show that the grounds for the arguments that he advances in his appeal would have been apparent to the trial court from his objection at trial that the contents in his truck represented the fruits of an illegal search. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); Tex. R. App. P. 33.1.

Generally, when an appellant's trial objections are inconsistent with the arguments that the appellant advances on appeal, the objections are deemed insufficient to preserve the argument for purposes of the appeal, unless "the correct ground of exclusion was obvious to the judge and opposing counsel[.]" *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). For example, "a complaint that could, in isolation, be read to express more than one legal argument will generally not preserve all potentially relevant arguments for appeal." *Resendez v.*

*State*, 306 S.W.3d 308, 314 (Tex. Crim. App. 2009). Likewise, "[w]hen the objection is not specific, and the legal basis is *not* obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).

It is settled law that the police can conduct a search without probable cause or a warrant when the defendant consents to the request made by police to allow the search to occur. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The evidence before the trial court shows that Strouse never objected to the admission of Exhibits 11 and 12 on the basis that the extent of his intoxication rendered his consent involuntary. Because the trial court was not given the opportunity to rule on the arguments concerning Exhibits 11 and 12 that he advances in his appeal, his appellate arguments regarding these exhibits were not properly preserved for our review. Moreover, with respect to Strouse's remaining arguments, which complain of the admission of the remaining exhibits, Strouse did not object when these exhibits were offered into evidence during his trial, thereby forfeiting his right to complain about their admission on appeal. Issue one is overruled.

Driving While Intoxicated

In issue two, Strouse argues the evidence is insufficient to show that he operated the truck at a time when he was intoxicated. In response, the State argues

5

the jury could reasonably infer that Strouse had driven the truck during periods when he was intoxicated from the evidence that showed Strouse admitted to an officer investigating the case that he had been driving, and evidence that showed Strouse was the only person seen with his truck after the truck appeared near the end of a homeowner's driveway. The State also contends that the jury could infer that Strouse had operated the truck in an intoxicated state based on the evidence showing that he pressed the truck's brake, shifted gears, and turned the truck's engine off, even though when he did these things, the truck never moved.

When reviewing whether evidence in a criminal case is sufficient to support a defendant's conviction, we review all of the evidence in the light most favorable to the verdict, and then determine whether, based on the evidence and reasonable inferences from the evidence, rational jurors could have found that the defendant committed the essential elements of the crime under a standard of beyond reasonable doubt. *See Roberts v. State*, 273 S.W.3d 322, 326-27 (Tex. Crim. App. 2008) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). By reviewing the evidence in the light most favorable to the verdict, the appeals court gives the jury proper deference, which allows the jury to fulfill its responsibility to fairly resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence that is before them in a trial. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see also Williams v. State*, 235 S.W.3d 742,

750 (Tex. Crim. App. 2007). In reviewing a complaint challenging the sufficiency of the evidence supporting a defendant's conviction, it is not our role to substitute our judgment for the factfinder's when the factfinder's conclusions are reasonable based on the evidence that is admitted at trial. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Strouse argues that the evidence before the jury, for a variety of reasons, fails to satisfy the corpus delicti rule. The corpus delicti rule concerns a matter that is related to evidentiary sufficiency, and the rule applies in "cases in which there is an extrajudicial confession." *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015); *Carrizales v. State*, 414 S.W.3d 737, 743 (Tex. Crim. App. 2013). The corpus delicti rule requires evidence outside the defendant's confession to establish that the defendant was guilty of the crime the jury convicted him of having committed. *Salazar v. State*, 86 S.W.3d 640, 645 (Tex. Crim. App. 2002). Nonetheless, the corpus delicti rule does not require the State to prove the identity of the perpetrator of the crime; instead, the confession may be used to support the conclusion that the defendant is the person who committed the crime. *Gribble v. State*, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990).

With respect to cases that involve the crime of driving while intoxicated, the corpus delicti rule requires proof showing that someone operated a motor vehicle in a public place while intoxicated. *Layland v. State*, 144 S.W.3d 647, 650-52

7

(Tex. App.—Beaumont 2004, no pet.). In Strouse's case, the record contains the testimony of witnesses, other than Strouse, that placed Strouse behind the wheel of his truck at a time when the jury could have inferred that he was intoxicated. For example, the evidence shows that Strouse's truck was first noticed by a homeowner in the street near the end of the homeowner's driveway. The homeowner, near whose driveway police found Strouse's truck, called 911 around 6:00 p.m. to report that a truck had been parked near his driveway. The homeowner indicated that he had not seen the truck approximately an hour before calling, so the jury could have reasonably inferred that Strouse's truck had only recently been parked there before the homeowner saw it. The homeowner indicated in his testimony that after noticing the truck, he watched a man, identified by others as Strouse, get out of the driver's side of the truck, stagger to the back, drop the tailgate, and take a seat. The homeowner explained that he watched Strouse for approximately thirty minutes, and that he then saw Strouse move around the truck, first to the passenger side, then to the driver's side. The homeowner testified that he saw the truck's brake lights come on after he saw Strouse return to the driver's seat of the truck. Fearing that Strouse might leave, and based on his perception that Strouse was severely impaired, the homeowner called 911 a second time due to his concern that Strouse had no "business behind the wheel of a vehicle."

Deputy Jordan, the officer who investigated why the truck was parked in the neighborhood, also provided testimony relevant to the jury's finding that Strouse operated the truck while in an intoxicated state. Deputy Jordan testified that when he initially approached Strouse's truck, Strouse appeared to be getting out of the truck on the driver's side. According to Deputy Jordan, when he first saw Strouse, the truck's engine was running and the engine of the truck was in neutral. Deputy Jordan explained that he watched Strouse as he walked in an unsteady manner around the back of the truck and toward the passenger side, while holding onto the truck for support.

Strouse also testified in his defense during the trial. He indicated that he woke up in the passenger seat, realized the truck was running, and he moved to the driver's seat where he pressed on the brake, put the truck into park, and turned the truck's engine off. The testimony of Strouse, the homeowner, and Deputy Jordan supports the jury's conclusion that someone, while intoxicated, operated the truck in a public place. *See Layland*, 144 S.W.3d at 650-52.

Strouse also argues that the statement he made to one of the other officers involved in the investigation should have been excluded because it was not obtained legally. According to that officer, Strouse told him that he had been driving. However, Strouse failed to challenge the admission of the officer's testimony about the statement when the statement was offered at Strouse's trial.

9

Additionally, in conducting a legal sufficiency review, we are to consider all of the evidence in the record. *See Dewberry*, 4 S.W.3d at 740.

From the combined force of the cumulative evidence, including the fact that no other occupants of the truck were with Strouse when he was seen with his truck, the jury could reasonably conclude, beyond reasonable doubt, that Strouse had operated the truck on a public roadway at a time when he was intoxicated. *See Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995); *see also Barton v. State*, 882 S.W.2d 456, 458 (Tex. App.—Dallas 1994, no pet.). We conclude the evidence before the jury allowed the jury to conclude, beyond reasonable doubt, that Strouse had operated his truck while intoxicated. We overrule issue two.

Deadly-Weapon Finding

In issue three, Strouse contends the evidence is insufficient to support the jury's deadly-weapon finding. In response, the State concedes that it failed to produce sufficient evidence showing that the truck had been used as a deadly weapon.

To sustain a deadly-weapon finding in a case involving a vehicle, the evidence must show that the defendant used the vehicle in a way that it placed others in *actual danger* of death or serious bodily injury. *Brister v. State*, 449 S.W.3d 490, 494-95 (Tex. Crim. App. 2014). Evidence showing that a driver operated a vehicle while intoxicated, without more, is insufficient to support a

jury's finding that a driver used the vehicle as a deadly weapon. *Id.* In this case, for example, there is not any evidence of any near miss collisions with any other objects that were either on or off the road. On appeal, the appeals court is required to delete a deadly-weapon finding from the judgment if it is not supported by legally sufficient evidence. *Gutierrez v. State*, 741 S.W.2d 444, 445 (Tex. Crim. App. 1987). We sustain issue three with respect to Strouse's complaint about the jury's deadly-weapon finding.

Ineffective Assistance of Counsel

In issue four, Strouse contends that he received ineffective assistance of counsel during trial. Strouse asserts that his trial counsel was deficient because counsel allowed the State to ask leading questions of various witnesses. According to Strouse, by allowing the State to present its case through leading questions, the State presented its case in a dramatic way. Additionally, Strouse complains that his trial counsel failed to develop a plausible defensive theory, and compounded that problem by asking to re-open by calling Strouse as a witness. When he testified, Strouse explained that on the morning before he was arrested, he had taken prescription sleeping pills, and on the night before the arrest, he had taken methamphetamine. In his appeal, Strouse argues that this evidence supports the jury's conclusion that he was intoxicated. Strouse also complains counsel lacked knowledge about methamphetamines, failed to cross-examine the State's expert

11

witnesses regarding the effect of methamphetamine and sleeping pills, failed to present a witness to explain to the jury the effect of these drugs, and failed to do anything "to subject the State's case to meaningful, adversarial testing." Strouse concludes that his trial counsel had no conceivable strategy to defend him against the charges the State brought against him.

In response, the State notes that the record is silent regarding the reasons why Strouse's case was presented to the jury in the manner at issue. According to the State, the choices that Strouse criticizes trial counsel for making possibly represent reasonable options between different legitimate trial strategies, given the facts available to defend Strouse in the case.

To show that trial counsel was ineffective, Strouse must demonstrate that trial counsel's performance was deficient because it fell below an objective standard of reasonableness, and he must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On appeal, we "analyze the reasonableness of counsel's conduct on the facts of the particular case, viewed at the time of the conduct." *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013). Once the appellant identifies the acts or omissions of counsel that he claims were ineffective, the court reviewing the case must "determine whether, in light of all the circumstances, the acts or omissions were outside the wide range of

12

professionally competent assistance." *Id*. When the record indicates that counsel never was provided an opportunity to explain the conduct that his former client challenges in the appeal, we generally must assume that the explanation counsel would have given likely related to the strategy employed in presenting the case. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

In Strouse's case, Strouse did not file a motion for new trial; consequently, the record before us is silent concerning whether the complaints Strouse levels at trial counsel represented reasonable choices between different possible strategies. Because Strouse's trial attorney was not given an opportunity to explain the choices he made in defending Strouse, we are unable to evaluate Strouse's claim that his representation was constitutionally ineffective. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

For instance, with respect to Strouse's complaint regarding leading questions, if the evidence would have been admitted anyway, it is possible that allowing leading questions might constitute a sound strategy. *Wheeler v. State*, 433 S.W.3d 650, 655 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). With respect to Strouse's criticism regarding counsel's failure to compel a witness to appear for trial, we cannot tell whether the decision was a matter of trial strategy, given a record that contains nothing to explain why the witness was not called or what the witness would have said. *See Brown v. State*, 866 S.W.2d 675, 678 (Tex. App.—

13

Houston [1st Dist.] 1993, pet. ref'd). Additionally, Strouse provided the court with no explanation of what a plausible defense strategy should have been given the facts in his case, nor does he explain how another strategy would have altered the result that he achieved. *See Rylander*, 101 S.W.3d at 110-11. Moreover, we are unable to speculate about these matters. *Id.*

Given the undeveloped state of the record, the proper procedure requires that we overrule issue four without prejudice to Strouse's right to raise his ineffectiveness claims in a post-conviction writ. *See Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). We overrule issue four.

Cruel and Unusual Punishment

In issue five, Strouse contends his forty-year sentence represents a cruel and unusual punishment that violates the Eighth and Fourteen Amendments. According to Strouse, his sentence is greatly disproportionate to the nature of his crime. The State contends that Strouse failed to preserve error on this issue.

Generally, a defendant forfeits complaints about a sentence being cruel and unusual if such complaints were not raised at trial. *Diamond v. State*, 419 S.W.3d 435, 440 (Tex. App.—Beaumont 2012, no pet.); *see also Garza v. State*, 435 S.W.3d 258, 260-61 (Tex. Crim. App. 2014). The record reflects that Strouse did not object to his sentence when it was pronounced and that he did not object to the length of his sentence in any post-trial motions. Therefore, the record shows that

14

the trial court was never asked to rule on any complaint that the sentence it imposed was disproportionate as compared to the nature of Strouse's crime. We conclude that Strouse failed to preserve for appeal the complaints that he raises about his sentence. *See* Tex. R. App. P. 33.1(a). We overrule issue five.

Nonetheless, even if Strouse had preserved the complaint he raises regarding the length of his sentence, his complaint has no merit. "A sentence is grossly disproportionate to the crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme." *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). The record before us reflects that Strouse was indicted as a habitual offender; the evidence shows that he has prior felony convictions for forgery and attempted murder. His criminal record includes other prior convictions as well, for theft, burglary of a building, failure to identify, and evading arrest. He has also been convicted in four other cases for driving while intoxicated.

Under recidivism statutes, the defendant's sentence is based not merely on the defendant's most recent offense, but it is also based on the propensities the defendant has demonstrated over a period of time showing that the fact he was previously punished for crimes failed to deter his additional criminal behavior. *Id.* Given his status as a habitual offender, the evidence in the record does not support Strouse's argument that his sentence was unconstitutionally harsh.

15

Conclusion

In light of our resolution of Strouse's challenge to the jury's deadly-weapon finding, we strike the affirmative deadly-weapon finding and the language in the judgment reciting that "[t]he Court FINDS Defendant used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited." In all other respects, the trial court's judgment, as modified, is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on November 30, 2015
Opinion Delivered July 13, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

16