

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00043-CR

_____

WALTER RILEY ROBBINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR17-00303

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A grand jury charged Walter Riley Robbins with driving while intoxicated, enhanced by two prior DWI convictions. Robbins pleaded not guilty, and the case proceeded to a jury trial. The jury found Robbins guilty of DWI. Robbins pleaded true to the enhancement paragraphs. The trial court sentenced Robbins to 65 years in prison according to the jury's assessment.

In one point, Robbins challenges the sufficiency of the evidence supporting his conviction. Because we hold the evidence is sufficient, we affirm.

## I. Background

Gainesville Police Officer Tanner Eisen investigated a single-car accident near I-35 on April 3, 2017, after a caller notified a 911 operator that she had just witnessed an accident. The police dispatcher informed Officer Eisen that the wrecked vehicle's driver was walking northbound on the highway's frontage road. Dispatch also relayed to Officer Eisen that the driver was wearing an orange shirt and light-colored pants.

Upon arrival, Officer Eisen saw a vehicle lodged in a ditch between I-35 and the frontage road. Officer Eisen saw a man, later identified as Robbins, walking northbound on the frontage road wearing an orange shirt and light-colored pants. Officer Eisen did not see any other people—other than the first-responders dispatched to the scene—in the area surrounding the wreck.

Robbins told Officer Eisen that he had been driving to Denton when he wrecked his car. During their conversation, Officer Eisen noticed that Robbins's

2

speech was slurred, he smelled like alcohol, and his balance was unsteady. Officer Eisen suspected that Robbins was intoxicated, so he asked Robbins to participate in field sobriety tests. Robbins's performance during those tests indicated that he was intoxicated.

Robbins initially told Officer Eisen that he had not consumed any alcoholic beverages. But Robbins later admitted drinking an alcoholic beverage earlier in the evening. Based on Robbins's performance on the field sobriety tests and this admission, Officer Eisen arrested him for DWI.

Officer Eisen drove Robbins to the hospital, where his blood was drawn. Robbins's blood-alcohol content was 0.263, three times over Texas's legal limit.

## II. Sufficient Evidence

Robbins's sole point attacks two elements of the evidence's sufficiency: whether he was operating a vehicle and whether he was intoxicated.

### A. Review Standard

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virgina*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

**B.    Operation Evidence**

Robbins argues that the State failed to prove he was operating a vehicle because it did not present corroborating evidence to support his extrajudicial statement to Officer Eisen that he had been driving and thus did not satisfy the *corpus delicti* rule. We disagree.

The *corpus delicti* rule requires corroboration of a confession with some evidence of a harm brought about by some person's criminal conduct. *Gonzales v. State*, 190 S.W.3d 125, 130–31 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Gribble v. State*, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990)). The corroboration requirement's purpose is to ensure that a person confessing to a crime is not convicted without independent evidence that the crime actually occurred. *Salazar v. State*, 86 S.W.3d 640, 644–45 (Tex. Crim. App. 2002). Therefore, the *corpus delicti* rule is satisfied if some evidence exists outside of the extrajudicial confession that, considered alone or in connection with the confession, shows that the crime actually occurred. *Id.* at 645. The corroborating evidence need not prove the underlying offense conclusively; there simply must be some evidence that renders the offense's commission more probable than it would be without the evidence. *Gonzales*, 190 S.W.3d at 131 (citing *Cardenas v. State*, 30 S.W.3d 384, 390 (Tex. Crim. App. 2000)).

The Penal Code provides that a person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann.

4

§ 49.04(a). Thus, the *corpus delicti* of DWI is that someone drove or operated a motor vehicle in a public place while intoxicated. *Layland v. State*, 144 S.W.3d 647, 651 (Tex. App.—Beaumont 2004, no pet.); *Zavala v. State*, 89 S.W.3d 134, 137 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (citing *Threet v. State*, 250 S.W.2d 200, 200 (Tex. Crim. App. 1952)).

Here, an abundance of evidence beyond Robbins's confession tended to establish that Robbins was operating a motor vehicle. Robbins was the only non-first-responder civilian present at the wreck, and Officer Eisen saw no other person in the area who could have been the driver. And the 911 caller's description of the driver matched that of Robbins's. Police dispatch informed Officer Eisen that the wrecked vehicle's driver was walking north wearing an orange shirt and light-colored pants, and Officer Eisen found Robbins walking north wearing an orange shirt and light-colored pants.

Robbins argues that this evidence is insufficient to corroborate his extrajudicial statement to Officer Eisen, relying on *Threet v. State*, 250 S.W.2d at 200, and *Coleman v. State*, 704 S.W.2d 511 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). We find these cases distinguishable.

In *Threet*, a highway patrolman found an overturned vehicle with no driver. 250 S.W.2d at 200. The patrolman located the defendant in a hospital, where he appeared to be intoxicated and admitted to the patrolman that he was the crashed

vehicle's driver. *Id.* The Court of Criminal Appeals held that the evidence was insufficient to support the appellant's conviction:

> Outside of appellant's confession, we have only a turned-over or wrecked pick-up on the highway to establish his guilt. Except for such confession, there is no testimony that he was the driver of the truck, that he owned the truck, or that he was seen at the place of the wreck.

*Id.* But here, as discussed above, we have more than just a wrecked vehicle.

In Robbins's other cited case, *Coleman,* officers arrived at a traffic accident to find three or four people standing near two stationary vehicles. 704 S.W.2d at 511. Coleman, who was intoxicated, told officers that he had been driving and had "run into" the vehicle in front of him. *Id.* No other evidence was presented. *See id.* at 512. The court of appeals observed that there was no evidence other than Coleman's extrajudicial confession to show that he was driving the vehicle and "no evidence whatsoever to show that he was intoxicated at the time he was driving." *Id.* at 512. The court held that the *corpus delicti* of DWI was not satisfied. *Gonzales,* 190 S.W.3d at 130–31. Here again, however, Robbins was the only person near the crash scene, he was walking in the same reported direction as the vehicle's driver, and his clothing matched that of the vehicle's driver as described by the 911 caller.

We conclude that sufficient evidence outside of Robbins's extrajudicial confession shows that he operated the wrecked vehicle. Therefore, the *corpus delicti* rule was satisfied. *See Salazar,* 86 S.W.3d at 644; *Gonzales,* 190 S.W.3d at 131.

### C. Intoxication Evidence

Robbins also claims that "[i]f this court finds the evidence was sufficient [t]o show the appellant drove the vehicle, the evidence is insufficient to show he did so *while intoxicated*." We disagree.

To support a finding that a defendant was intoxicated while operating a motor vehicle, a temporal link must exist between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Such a finding can be supported by direct or circumstantial evidence. *Id.*

Intoxication can be proved in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. Tex. Penal Code Ann. § 49.01(2). The first definition is the "impairment" theory, while the second is the "per se" theory. *See State v. Mechler*, 153 S.W.3d 435, 437 (Tex. Crim. App. 2005). They are not mutually exclusive, and both theories are submitted in the jury charge as long as there is evidence that would support both definitions. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). Here, the trial court submitted both theories of intoxication to the jury.[1]

A hospital lab technician drew Robbins's blood after Officer Eisen arrested him. The blood test showed that Robbins's blood-alcohol-concentration level was

---

[1]Robbins did not object to the trial court's submission of both theories.

0.263 at the time his blood was drawn.[2] And even though the State did not present retrograde-extrapolation evidence demonstrating that Robbins's blood-alcohol level was 0.08 or higher *at the time he was driving*, the Court of Criminal Appeals has stated that blood-alcohol tests, even without an expert's retrograde-extrapolation testimony, are often highly probative to prove both per se and impairment intoxication, particularly when considered with additional signs of intoxication. *Kirsch,* 306 S.W.3d at 743, 745 (considering test results and additional evidence of erratic driving, stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, and any defendant's admissions concerning what, when, and how much he had been drinking as supporting an inference that a defendant was intoxicated while driving).

In addition to the blood-test result, the State presented other evidence that raised a logical inference that Robbins was intoxicated when he was driving. Officer Eisen testified that he became suspicious that Robbins was intoxicated when he learned that the accident involved only one vehicle. He also noticed that Robbins smelled of alcohol, slurred his speech, swayed back and forth, and had trouble maintaining his balance. Moreover, Robbins admitted that he had been drinking, informing Officer Eisen that he had consumed a sixteen-ounce alcoholic beverage that contained vodka.

---

[2]Robbins did not seek to suppress the blood-test evidence at trial.

Even without knowing the exact time span between when the accident occurred and when Officer Eisen arrived on the scene, the evidence of intoxication, when viewed in the light most favorable to the verdict, is sufficient to support the jury's finding that Robbins was intoxicated while he was driving the vehicle. *See Kuciemba*, 310 S.W.3d at 462 (holding that circumstantial evidence may support temporal link between defendant's intoxication and his driving); *Weems v. State*, 328 S.W.3d 172, 177 (Tex. App.—Eastland 2010, no pet.) ("The State need not establish the precise time of an accident or of the defendant's driving to prove the offense of driving while intoxicated.") (citing *Kuciemba*, 310 S.W.3d at 462).

We overrule Robbins's sole point of error.

### III.    Conclusion

Having overruled Robbins's point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 7, 2021

9